[Teague, Barnett & Co. v. LeGrand.]

# Teague, Barnett & Co. *v.* LeGrand.

*Garnishment in Pending Action.*

1. *What demands may be reached by garnishment.*—A debt or liability due from the garnishee to the defendant in the action, can not be reached and subjected by process of garnishment, unless the defendant himself could recover it by action of debt, or *indebitatus assumpsit.*

2. *Same; subscription to stock of private corporation.*—A subscription for stock in a private corporation, payable on call by the board of directors, and for which no call has been made, is not subject to garnishment at law at the suit of a creditor of the corporation, though it has become insolvent and practically dissolved.

FROM the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

The appellants in this case commenced suit by summons and complaint, on the 13th February, 1888, against the Southern Railway Construction and Land Company, a private corporation, organized under the general statutes; and, on the same day, sued out process of garnishment against M. P. LeGrand, Jr., and others, as debtors of said corporation. The summons and complaint, and the writ of garnishment, were each served on the 14th February, 1888. Judgment on verdict was obtained by the plaintiffs against the corporation, on the 25th June, 1888.

The garnishee answered orally, his answer being taken down in writing by agreement, in which the material facts were thus stated: That said corporation was organized, under the general statutes, on the 24th May, 1886, with a capital stock of $10,000, in shares of $100 each; that the subscriptions for stock, as shown by the written agreement, were payable "whenever called upon to do so by the board of corporators of said company, or the directors of the same, except twenty per-cent. thereof, which we [they] are to pay, and hereby agree to pay in cash, to the board of corporators;" that the garnishee subscribed for two shares ($200), and paid $40 in cash to the board of corporators, other sub-scribers paying the same per-cent. of their subscriptions; "that no call had been made by said corporators or directors, for any part of the unpaid subscriptions, before the service of the garnishment in this case, and no call has been made

[Teague, Barnett & Co. v. LeGrand.]

since; that no part thereof (except said $40) was paid by this garnishee before the service of the garnishment, but since the service thereof, to-wit, in June, 1888, acting under the advice of counsel, he paid the remainder of his subscription ($160) to the secretary and treasurer of said corporation, voluntarily and without call; that the corporation has "never prescribed the manner or time for payment of installments of subscription to capital stock;" that the corporation "is now, and has been ever since the commencement of this suit, insolvent, and has done no business since some time in the year 1887, except to defend suits against it;" that the garnishee was a director in the corporation from its organization, and had knowledge of its insolvency when he voluntarily paid up his subscription for stock; that the other four subscribers were also directors, and paid up their subscriptions under the same circumstances; that the payments were all made, under the advice of counsel, for the purpose of enabling the corporation to have funds with which to defend litigation in which it had become involved, and that the money was thus expended.

On these facts, the court rendered judgment discharging the garnishee, and this judgment is here assigned as error.

THORINGTON & SMITH, for appellants, cited Code, §§ 2944, 2946; *Hurst v. Home Insurance Co.*, 81 Ala. 174; *Coleman v. Hatcher*, 77 Ala. 217; *Warfield v. Campbell*, 38 Ala. 527; *Bank v. Miller*, 77 Ala. 168; *Hatch v. Dana*, 101 U. S. 205; *Plank-road Co. v. Sammons*, 27 Ala. 380; Cook on Stockholders, § 79; *In re Iron Works*, 20 Fed. Rep. 680; 81 Ala. 171; Sess. Acts 1882–3, p. 40.

ROQUEMORE, WHITE & LONG, TOMPKINS, TROY & LONDON, SAYRE, STRINGFELLOW & LEGRAND, and GRAVES & BLAKEY, contra, cited *Bingham v. Rushing*, 5 Ala. 403; *Smith v. Huckabee*, 53 Ala. 191; *Curry v. Woodward*, 53 Ala. 371; *Glenn v. Semple*, 80 Ala. 159; *McKelvey v. Crocker*, 18 Nev. 238; *Patterson v. Lynde*, 106 U. S. 519; 43 N. J. Law, 442; 52 Geo. 326; 2 Mor. Corp., § 819, note.

STONE, C. J.—Garnishment, such as was resorted to in this case, is purely a legal remedy, a species of statutory attachment. When invoked for the purpose of condemning credits, or legal liabilities due to the defendant in the attachment, it is not every species of liability that can be reached.

[Teague, Barnett & Co. v. LeGrand.]

It is such as the defendant in attachment can recover of the garnishee in an action of debt, or *indebitatus assumpsit*, that are subject to this process. Code of 1886, § 2976, and note. True, the debt need not be due and presently demandable; but there must be a contract, express or implied, out of which a money liability will certainly spring, in the usual course of things. Many contracts, from which money liabilities may possibly arise, are not subject to garnishment at law.—*Jones v. Crews*, 64 Ala. 368; *Hurst v. Home Protection Fire Ins. Co.*, 81 Ala. 174; *Levisohn v. Waganer*, 76 Ala. 412; *Sec. & Loan Asso. v. Weems*, 69 Ala. 584; *Henderson v. Ala. Gold Life Ins. Co.*, 72 Ala. 32; *Alexander v. Pollock, Ib.* 137; *Nat. Com. Bank v. Miller*, 77 Ala. 168.

The contract, on account of which the liability of the garnishee was sought to be fixed and enforced in the present suit, was a subscription of capital stock in a private corporation. There was no promise to pay generally, or at any fixed time. The payments were to be made, when calls should be made therefor; and there had been no calls. It could not be known that calls ever would be made, and hence no legal liability was shown which would maintain debt, or *indebitatus assumpsit*. Chancery might have taken jurisdiction, the corporation being insolvent, and itself made calls, and enforced their collection, for the benefit of creditors.—*Glenn v. Semple*, 80 Ala. 159. A common-law court—the more especially under statutory garnishment—is without the power to do so.

The garnishment being unauthorized, because there was no debt subject to such process, it fastened neither lien nor claim on the sum subscribed. In no sense did the court obtain control of it, so as to hamper or abridge the power of the parties to dispose of or adjust it, subject always to the claims of creditors, properly asserted, if it was not paid in good faith.

Affirmed.