# Enslen *v.* Nathan *et al.*

### *Garnishment Proceeding.*

1. *What demands can be reached by garnishment; subscription to stock in private corporation.*—Where the subscription to stock in a private corporation is made with the privilege of discharging the same by the conveyance of certain specified property, then owned by the subscriber, when called for by the board of directors, but after said subscription the said subscriber disposed of all of said specified property, a creditor of said corporation may, by garnishment, subject the unpaid subscription of said subscriber to the payment of the debt due such creditor, (Code, § 2182); and this is true, although no call had been made by the board of directors for the payment of said subscription.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. ED. B. ALMON.

The appellants, Joseph H. Nathan and R. H. Willhoyte, as judgment creditors of the Consolidated Light, Water & Power Company, had sued out a writ of garnishment

which was served upon the appellant, Eugene F. Enslen, as a debtor of the judgment debtor. There was an issue made upon the contest of the garnishee's answer, the facts of which are sufficiently shown in the opinion.

The cause was tried by the court without the intervention of a jury and upon the hearing of the evidence, judgment was rendered in favor of the plaintiff against the garnishee for the sum of $1,466, which was the amount of the judgment with interest that the plaintiffs had recovered against the Consolidated Light, Water & Power Co. From this judgment the garnishee appeals and assigns the rendition thereof as error.

KIRK, CARMICHAEL & RATHER, for appellant.—A debt can only be reached by garnishment where the defendant can maintain an action of debt for its recovery.—*Nicrosi v. Irvin*, 102 Ala. 648.

When the liability is upon subscription to the capital stock, and the charter or contract of subscription provides that the shares shall be "paid in as required by the Board of Directors," the general rule is that the stockholder's liability does not mature, and he cannot be sued by the Company until a call is made.—*Ruse v. Bromberg*, 88 Ala. 627; Cook on Stock and Stock holders, 105.

The statute Code, section 2182, does not change the law as above stated as applicable to the case at bar, for the reason the subscription made, or the contract made by the garnishee is not controlled by the statute. The statute applies to subscriptions without conditions.— *Teague, Barnett & Co. v. LeGrand.* 85 Ala. 493.

The statute does not prevent the subscribers to the capital stock of the Company from making such contracts as they see proper to make.—*White v. Kahn*, 103 Ala. 313; *Davis Bros. v. M. F. & C. Co.*, 101 Ala. 132; *Ruse v. Bromberg*, 88 Ala. 627.

The garnishee cannot be held liable in this case.— *Teague v. LeGrand*, 85 Ala. 493.

THOS. R. ROULHAC, for appellant.—Under the statutes in this suit governing garnishments against the sub-

scribers to the capital stock in a corporation, the plaintiff was entitled to judgment against the garnishee.— Code, §§ 2182, 1142, 1254. The case of *Teague, Barnett & Co. v. LeGrand*, 85 Ala. 493, was decided under a statute different from the present statute.

DOWDELL, J.—This appeal is taken from the judgment of the court below rendered in a hearing on a contest of the garnishee's answer. The facts are undisputed and the trial was had by the court without the intervention of a jury. The issue was regularly made up, and the uncontradicted evidence showed, that the appellees were judgment creditors of the Consolidated Light, Water and Power Company, a corporation organized under the laws of Alabama, and upon which said judgment the garnishment was sued out. The defendant in garnishment, appellant here, was a subscriber to the capital stock of the judgment debtor corporation, in the sum of fifty-seven thousand and five hundred dollars, the subscription being made with the privilege of discharging the same by a conveyance of certain specified properties when called for by the board of directors. That at the time the subscription to the capital stock was made, the garnishee, appellant, was the owner of the specific property with which he was privileged to discharge his said subscription, but that since said subscription he had disposed of all of it and had not owned it for two or three years prior to this garnishment proceeding. That no call was made by the board of directors, and that the board of directors was composed of all of the subscribers to the capital stock.

The question raised calls in a measure for a construction of our statutes relating to garnishment proceedings against subscribers to the capital stock in a corporation organized under the laws of this State; the contention of the appellant being that judgment cannot be rendered against him, until after a call by the board of directors of the debtor corporation. And in support of this contention, he relied mainly on the case of *Teague, Barnett*

& *Co. v. LeGrand,* 85 Ala. 493. Much of what is said in argument, and authorities cited by counsel for appellant, would find ready application in a suit by the corporation against the subscriber, as to a right of action before compliance with the conditions of the subscription, as to a call by the board of directors. And the general rule, that garnishment will not lie, where an action of debt, or *indebitatus assumpsit* by the debtor against the garnishee cannot be maintained, is not denied. But the statute has in very clear terms made a change in this general rule, in garnishment proceedings by a creditor of a corporation against the subscriber to capital stock in such corporation, as to his unpaid subscription. The case of *Teague, Barnett & Co. v. LeGrand, supra,* and like cases relied on by appellant, are based on a somewhat different state of facts from the present case, and a different state of the law from that which we now have, brought about by changes made in our statutes. The statute relating to garnishments against subscribers to the capital stock of corporations to subject the unpaid subscription, existing at the time of the decision in the case of *Teague, Barnett & Co. v. LeGrand, supra* was substantially the same under the Codes of 1876 and 1886; it was section 3220 of the former, and section 2972 of the latter. In the latter, the statute was as follows: "A judgment creditor of a corporation having execution returned 'no property found,' may sue out a garnishment to reach and subject the unpaid subscription of any stockholder in such corporation, without giving bond or security." This was the substance of the law on that subject as contained in each of the Codes from that of 1852 up to and including the Code of 1886. By an act of the Legislature approved Feb. 26th, 1889, —Acts 1888-89, p. 94—section 2972 was amended so as to read as follows: "Any creditor of a corporation may fill out a garnishment to reach and subject the unpaid subscription of any stockholder in such corporation." And later, this section was again amended by act approved Feb. 18th, 1895—Acts 1894-95, p. 881. This latter amendatory act reads as follows: "That section 2972 of the Code of Alabama be amended so as to read as follows:

Sec. 2972. A judgment creditor of a corporation, having an execution returned no property found, may by garnishment subject the unpaid subscription of any stockholder in such corporation to the payment of his debts, without giving bond or security, *and without regard to whether the corporation can maintain suit against such stockholder for such unpaid subscription, or not,* [italics ours] or such creditor may proceed in equity against any one or more of such stockholders, and subject such unpaid subscription without joining the other subscribers, or stockholders, and without regard to whether the corporation has called for such unpaid subscriptions and could maintain suit therefor, or not. Provided, however, that the provisions of this act shall not apply to suits now pending." These two provisions were brought forward and adopted into the Code of 1896 as sections 823 and 2182. The former relating to proceedings in chancery, and the latter—2182—to garnishments, and which reads as follows: "Sec. 2182. Subscriptions for stock in corporations may be garnished. *Any creditor* of a corporation may, by garnishment, subject the unpaid subscription of any stockholder in such corporation to the payment of its debts, *without regard to whether the corporation can maintain suit against the stockholder for such subscription or not.*" (The italics are ours.) We think the change made in the statute, which is embraced in the parts italicized above, was intended to give to the creditor of the corporation the right to reach and subject by garnishment the unpaid subscription of the stockholder in such corporation, without regard to whether a call had been previously made by the board of directors or not.

There is another difference in the law as it stood prior to the Code of 1886, under which the case of *Teague Barnett & Co. v. LeGrand, supra,* was decided, and the present. Section 1805 of the Code of 1876, provided that "All subscriptions to the capital stock of any company organized or proposed to be organized under the provisions of this article shall be made payable in money, or in labor or property at its money value, to be named in

[Enslen v. Nathan *et al.*]

the list of subscriptions," etc. Whereas the present statute, sections 1142, 1254, provide, that "All subscriptions to or for the capital stock must be payable in money; but the commissioners may receive subscriptions payable in money, the subscriber having the privilege of discharging the same by the rendition of stipulated necessary services, or the performance of stipulated necessary labor for the corporation, at the reasonable value of such services or labor, or in property at the reasonable value thereof, the corporation has the capacity to acquire and hold, the subscription stating the nature and character of such property, and when it is to be transferred or conveyed to the corporation." Without stopping to discuss the extent and effect of the change made, the necessities of this case not calling for such discussion, it is enough to say that the statute in terms fixes the amount of the subscription in dollars and cents, and the subscription here was so made, and, where the privilege of discharging the same by the transfer or conveyance of property, when so stipulated in the subscription, is not exercised by reason of inability or refusal on the part of the subscriber, ascertains the amount of the indebtedness of the subscriber to the corporation, by the amount described in dollars, and not by the value of the property with which he was privileged to discharge his subscription. Here the defendant in garnishment had disposed of the specified properties, and therefore had put himself in a position, where he could not exercise the privileges of discharging his subscription by a transfer or conveyance of the same to the corporation, even if a call should be made. Furthermore, the evidence shows that the stockholders and directors as such had abandoned any purpose or intention of ever calling for a payment of the subscription or of ever paying the subscription to stock either in money or property. We need not say what would be our conclusion as to what the judgment should ascertain and determine, if the garnishee had been in a position to claim the right to discharge his subscription according to the stipulation contained in it.

27c

We find no error in the record, and the judgment will be affirmed.