# Vaughn, *et al.* v. Alabama National Bank.

*Bill in Equity by Judgment Creditor of a Corporation to Enforce unpaid Subscription against Stockholders.*

1.  *Corporations; purchaser of stock; liability of.*—A purchaser of shares of capital stock from a corporation, at less than its par value, is liable to a creditor for such unpaid balance, notwithstanding the corporation itself could not enforce additional payment.

2.  *Same; same; same.*—It matters not whether the stockholder acquires his stock by signing a subscription paper, or by purchasing it from the corporation for an amount less than its par value; he is liable to creditors of the corporation for an amount which, with the sum already paid, is equal to the par value of the stock held by him.

3.  *Same; capital stock; creditors, rights of.*—When a corporation is organized with a certain amount of capital stock, creditors who deal with it have a right to expect and require that that amount shall be, or has been, paid into the treasury, and no

device or agreement, between the corporation and the stockholder, can relieve the latter from the obligation to the creditors to pay the full amount of the par value of his stock into the treasury.

4　*Same; same; same.*—The obligation of the stockholder to pay par value for his stock does not necessarily result from a contract, but is based upon the theory that, when a corporation holds itself out to the world as having a certain amount of stock paid in, it would be inequitable to allow a part of said fund to be held back by a stockholder. An attempt on the part of a corporation to release a stockholder from paying the amount required by law would be a fraud on its creditors.

5.　*Same; illegal issuance of stock; creditors' right to enforce payment.*—Though it has been held that no recovery can be had on a note given for fictitious stock, afterwards to be issued, this has no application to the right of a creditor to enforce payment for stock actually issued under an illegal agreement as to the amount to be paid therefor.

6　*Same; statute of limitations; right of action, accrual of.*—Under the general principle of equity, as modified by statute, the equitable remedy of a creditor to enforce liability against a stockholder for unpaid stock does not accrue until the insolvency of the corporation is evidenced by a return of "No property" on an execution issued on a judgment obtained against such corporation.

7.　*Same; corporate securities; equity of stockholders.*—Where a judgment creditor holds security for his debt, an equity exists in favor of stockholders for an application of such security, before recourse can be had against stockholders for unpaid stock, and a plea setting up the failure of complainant to make application of security held by him is sufficient.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

This was a bill filed by the Alabama National Bank against P. T. Vaughan, E. E. Bryant and others, as stockholders of the Coal City Coal & Coke Company, to enforce a balance due by them on stock held in said last named corporation. The bill alleged the insolvency of the Coal City Coal & Coke Company; that complainant had obtained a judgment against them for a large sum, and that execution on said judgment had been returned "No property found." The averments of the bill sufficiently appear in the opinion. The demurrers to the bill, briefly stated are as follows: 1. The bill shows that the

defendants did not subscribe for any of the increased stock described in the bill. 2. That they are not liable to pay for the over issue of stock alleged to have been sold to them. 3. That the increased stock was issued in violation of law; that the issue is void and for that reason defendants are not liable. 4. That the bill shows that the stock was issued to certain persons, without any consideration, and that such persons sold the stock to defendants. 5. Laches on part of complainant. 6. The bill fails to show the complainant did not have knowledge of the facts incident to the issuance of said stock at the time it extended credit.

The defendants also interposed pleas setting up in various forms the statute of limitation of six years. The following plea was also interposed: 14. "That heretofore, to-wit, in the year 1892 the said Coal City Coal & Coke Company executed and delivered to one E. W. Rucker, a mortgage securing bonds of said Company to the amount of $50,000, and said mortgage was duly recorded: The said E. W. Rucker was at the time of the delivery of said mortgage a director of complainant, and was really acting as trustee or agent of and for complainant in said transaction, and said mortgage and said bonds were delivered to complainant, and are now in its possession, so that when complainant purchased the lands embraced in mortgage at execution sale under their judgment against the Coal City Coal & Coke Company, it merely purchased the equity of redemption therein; Said mortgage has never been foreclosed and is held by complainant as security for the debt evidenced by the judgment described in the bill, etc.  *  *  * That the complainant controlled said sale, the mortgage and the lands, and is now the owner of said lands."

The chancellor overruled the demurrers to the bill, and held the plea to be insufficient, and rendered a decree granting the relief prayed for. Defendants appealed.

WARD & HOUGHTON, for appellants.—Appellants were only purchasers, not subscribers for shares, and were not liable.—115 Ala. 435; 2 Am. & Eng. Enc. of Law, p. 902; Cook on Stockholders, (2nd ed.), § 52; Thomp.

on Corp., § § 1139, 1141, 1143, 1144, 1146; 29 N. J. Eq., 188, 191; Code, § § 1142, 1143.

The law is directed against subscribers. The bill seeks to enforce a liability growing out of a transaction forbidden by law.—Sec. 6, Art. 14, of Constitution of 1875.

Out of such a transaction no action arises.—*Williams v. Evans,* 87 Ala. 725; *Ala. Nat. Bank v. Halsey,* 109 Ala. 196; *Beitman v. Steiner,* 98 Ala. 241.

When appellants purchased, the contract was incomplete, and the court is now asked to make another contract.—31 Am. St. Rep. 637, 646, 647; 18 Am. St. Rep. 510; 119 U. S. 34; 139 U. S. 417, 435; 26 Enc. Law, 905, note 3.

Statute of limitations; the rule is that the right of action arises in equity upon the known insolvency of the corporation.—*Harris v. Gateway Land Co.,* 128 Ala. 652; *Thompson v. Reno Bank,* 3 Am. St. Rep. 827; *Woodward v. Curry,* 53 Ala. 371; 91 Ala. 245.

Laches of complainant presents a good defense. The position of complainant, that it could not bring this suit till judgment recovered, will not excuse the delay. —*Glenn v. Semple,* 91 Ala. 245; 3 Thomp. Corp., Sect. 4363; 26 Enc. Law 1049, 1050; 16 Am. St. Rep. 178.

A purchase by a mortgagee, at an execution sale, merges the debt secured by the mortgage.—Jones on Mtges., sec. 870; *Barnes v. Brown,* 71 N. C. 507; *Phillips v. Welch,* 54 Ala. 309; 78 Ala. 325; *Weiner v. Heinz,* 17 Ill. 357.

Plea 14 demonstrates that the demand, to say the least, is in equity largely reduced, and that complainant has not offered to account for what it should have applied to its demand.

LANE & WHITE, and A. LATADY, *contra.*. No brief for appellee found in the record.

SIMPSON, J.—This was a bill filed by appellee against appellants as stockholders in the Coal City Coal & Coke Company, which corporation is alleged to be insolvent. Said complainant was a judgment creditor of said corporation, with a return of "No property found" on an execution on its judgment. The bill al-

leges that the capital stock of said corporation was increased to $200,000.00 and that said increased stock was sold to appellants, P. T. Vaughn and E. E. Bryant, at fifty cents on the dollar, said corporation having issued a circular, offering to sell said stock at that discount.

There was a severance by agreement and P. T. Vaughn and E. E. Bryant join, for themselves alone, in assigning errors.

The first assignment relates to the action of the court in overruling their demurrers to the bill of complaint and holding their pleas insufficient, and their first contention is that they are not shown by the bill to have been "subscribers" to the capital stock of said company, but that, on the contrary, the bill shows that the stock which they hold was issued to them, without any requirements that any more money was to be paid for the same than was paid.

In other words, they claim that the averments of the bill show that they were purchasers and not subscribers of the stock, and that consequently, they cannot be made liable to pay any more than the agreed purchase price, which has already been paid.

Although, as between the corporation and the purchasing stockholder, such an arrangement would be valid and binding, so that the corporation could not recover any more from the stockholder than he had agreed to pay for the stock, yet, when the question is raised between the stockholder and a creditor, it is entirely different.

When a corporation is organized with a certain amount of capital stock, creditors who deal with it have a right to expect and require that that amount of capital shall be, or has been, paid into the treasury, and no device or agreement, between the corporation and the stockholder, can relieve the latter from the obligation to the creditors to pay the full amount of the par value of his stock into the treasury.—26 Am. & Eng. Ency. Law, p. 1009; 1 Cook on Corporations (5th ed.) § 42, p. 113; *Scoville v. Thayer,* 105 U. S. 143; *Sawyer v. Hoag,* 17 Wall. 610; *Union Insur. Co. v. Frear Stone Mfg. Co.,* 97 Ill. 537.

There are a great many authorities on the subject of the liability of a purchaser of stock, which has not been fully paid, and we will not attempt to refer to them in detail.

While there is some conflict among the decisions, yet, after a careful examination, we hold that the best considered cases establish the proposition, that it matters not whether the stockholder acquires his stock by signing a subscription paper, or by purchasing it from the corporation for an amount less than the par value of the stock; he is liable to creditors of the corporation for an amount which, with the sum already paid by him, is equal to the par value of the stock held by him.

The corporation may debar itself from recovering the amount, but no evidence can deprive the creditor of the right to have the full amount of the par value of the stock applied to the payment of his debt after a return of "No property found" on an execution against the corporation. This obligation does not necessarily result from any subscription or promise to pay. \ The theory of the law is that, when a corporation holds itself out to the world as having a certain amount of stock paid in, every person who deals with it does so on the presumption that said amount of money has been or will be paid into the treasury, and it would be inequitable to allow a part of said fund to be held back by the stockholder. The cases generally speak of this principle as being that the capital stock is a trust fund in favor of the creditors of the corporation, but the expression is not in any way to be confounded with the doctrine of trusteeship, which has been repudiated by this Court, to the extent of holding that the directors hold the property of the corporation as trustees so that they cannot convey it as fully as an individual can his own property.

As said by the Supreme Court of the United States in a case in which it repudiates the doctrine of trusteeship, just as our Court does: "The property of a corporation is doubtless a trust fund for the payment of its debts, in the sense that, when the corporation is dissolved, and all its business wound up, or when it is insolvent, all its creditors are entitled in equity to have their debts paid out of the corporate property, before any distribu-

37

[Vaughn, *et al.* v. Alabama National Bank.]

tion thereof among the stockholders.   *   *   *   *   *
That doctrine only means that the property must first be appropriated to the payment of the debts of the company, before any portion of it can be distributed to the stockholder."—*Hollins v. Brierfield Coal Company,* 150 U. S. 384; 1 Cook on Corporations (5th ed.) § 256, p. 556; *Merrimack Mining Co. v. Seby,* (54 Penn. St. 227), 93 Am. Dec. 697; *Thompson v. Reno Savings Bank,* 3 Am. St. Rep. 798, and note pp. 808, 810-11, 819, 829, 832, 863-4; *Webster v. Upton,* 91 U. S. 65, 67; *Nicrosi v. Irvine,* 102 Ala. 654; 2 Morawetz on Corporations (2nd ed.), § 888, p. 860; 26 Am. & Eng. Ency. Law, 1037; *Merrimack Mining Co. v. Bagley,* 14 Mich. 501; *Visalia etc. R. R. v. Hyde,* 110 Cal. 632.

Only to this extent does the trust fund theory apply, just as it would to an individual under like circumstances.—*O'Bear Jewelry Co. v. Volfer & Co.,* 106 Ala. 205; *Corey v. Wadsworth,* 118 Ala. 188; *Hall & Farley v. Henderson,* 134 Ala. 455.

In fact, the attempt on the part of the corporation to release the stockholder from paying the amount which the law requires to be paid on the capital stock is practically a fraud on the creditors, who deal with the corporation on the presumption that said stock will be or has been paid for.

Appellants next raise the question that the transaction was illegal, to-wit, the issue of stock without being fully paid up, and hence no recovery can be had, based on that illegal transaction. Respondents are estopped from making that defense.—1 Cook on Corporations, § 288.

While this Court has held that no recovery can be had on a note given for fictitious stock to be afterwards issued,—*Ala. Nat. Bank v. Halsey,* 109 Ala. 196,— because the consummation of the contract necessarily involved a violation of the law, yet that has no application to a case where the stock is already issued and all that remains to do is to force the party to pay for it, as he should have done before.—*Elyton Land Co. v. Warehouse Co.,* 92 Ala. 407; *Beitman v. Steiner Bros.,* 98 Ala. 241.

[Vaughn, *et al.* v. Alabama National Bank.]

It is a general principle recognized by numerous 'cases that the equitable remedy of the creditor does not accrue until the insolvency of the corporation, and this is followed by our statute which provides that after obtaining judgment and having a return of "No property found," the creditor may proceed against the stockholder.—Code of 1896 § 823. So this claim is not barred by the statute of limitations.

The 15th assignment of error is not sustained. The fact (if it be a fact) that complainant made money on the purchase of the land at execution sale, would not effect the equity of this bill. But, if the facts alleged in the 14th plea be true, they raise an equity in favor of the stockholders to insist upon a proper application of the security held by complainant to the payment of its debt, before insisting upon the right claimed to call upon them. Consequently, as claimed in the 16th assignment of error, the court erred in declaring insufficient the plea, numbered 14, to the bill of complaint.

The other parties assigning error have filed no brief or argument insisting on the same, but, at any rate, the assignments seem to be identical with those considered.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

MCCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.