(80 South. 38)

LAKE JACKSON HOTEL CO. et al. v. ROD-
WELL et al.　(4 Div. 784.)

(Supreme Court of Alabama.　June 27, 1918.
Rehearing Denied Nov. 14, 1918.)

1. CORPORATIONS ⬥264 — STOCKHOLDERS'
LIABILITY—ENFORCEMENT BY SUIT OR GAR-
NISHMENT—LIMITATIONS.

Whether creditor of corporation adopts,
against its stockholders, the remedy of Code
1907, § 3744, and seeks to subject unpaid sub-
scriptions to payment of his judgment by bill in
equity, or adopts remedy of section 4311, and
seeks to garnish subscriptions, period of limita-
tions does not begin to run against him until
execution issued on judgment against corpora-
tion is returned nulla bona.

2. LIMITATION OF ACTIONS ⬥66(4)—STATUTE
OF LIMITATIONS—MATURITY OF CAUSE OF AC-
TION — CALL FOR SUBSCRIPTIONS TO CORPO-
RATE STOCK.

Where directors of corporation made no effi-
cient call in particular year for payment of un-
paid balance on subscriptions to stock, liability
of stockholders therefor did not mature in that
year to initiate period of statute of limitations
in their favor as against creditors.

Appeal from Circuit Court, Covington
County; A. B. Foster, Judge.

Suit by E. P. Rodwell and others against
the Lake Jackson Hotel Company, wherein
deficiency money decree was rendered against
defendant, execution thereon was returned
no property found, and writs of garnishment
issued against G. F. Petery and others as
subscribers to defendant company's stock.
From judgment for complainants against the
garnishees, the latter appeal. Affirmed.

Chapman & Lewis, of Dothan, and J. D.
Bailey, of Florala, for appellant.

Powell, Albritton & Albritton, of Andalu-
sia, for appellee.

McCLELLAN, J.　In August, 1913, on a
bill by the appellees to foreclose a mortgage
executed by the Lake Jackson Hotel Com-
pany, a corporation, a deficiency money de-
cree was rendered against the corporation.
An execution thereon was issued against the
corporation, and on December 1, 1913, was
returned "no property found." On Novem-
ber 9, 1915, in an effort to enforce the sat-
isfaction of the decree, writs of garnishment
were issued against the appellants G. F.
Petery, H. A. Hughes, J. T. Manning, J. A.
McNeill, W. R. McDuffie, A. L. Wynn, E. L.
Adams, and D. I. B. Adkison, among others
not important to name. The claim against
these appellants was that they were due
varying sums as balances on their respective
subscriptions to the capital stock of the Lake
Jackson Hotel Company. The court ascer-
tained these respective balances, and adjudg-
ed the liability of the respective appellants
to pay the several sums so found due as for
unpaid subscriptions to the capital stock re-
spectively made by them. Leave to sever in
the assignments of error was granted the
appellants. In the brief for the appellees, it
is insisted that a single appeal—ergo a single

transcript—cannot properly be employed to
bring up for review the several, distinct mat-
ters of complaint the appellants now present,
citing in support of this contention Mobile
Imp. Co. v. Stein, 158 Ala. 114, 48 South.
368, 17 Ann. Cas. 288; Scranton v. Ballard,
64 Ala. 402; and Fulton v. State, 170 Ala.
70, 54 South. 165. Since, on the merits, the
conclusion of this court, to be later stated,
is that, no error is disclosed in respect of
any one of the lower court's respective ad-
judications of liability, this court passes over
the appellees' point; it not being necessary
to decide it.

[1] The separate pleas filed by the respond-
ents (appellants) set up the bar of the stat-
ute of limitations of six years against their
several liabilities for the unpaid balances on
their several subscriptions to the capital
stock of the Lake Jackson Hotel Company.
The court below denied the bar thus re-
lied on by the several respondents. The
argument and insistence in the court below
was, and on appeal is, that the asserted six-
year period operating a bar began to run
when, on January 22, 1908, the directors of
the corporation, through resolution formally
adopted, made a call upon all the stockhold-
ers for the balance of unpaid subscriptions,
viz. 50 per centum; and that, since more
than six years elapsed between the date of
the call and the issuance of the writs of
garnishment in 1915, the bar was complete
when the writs were sought or issued. On
the question thus presented, the court be-
low read Vaughn v. Ala. Nat. Bank, 143
Ala. 572, 42 South. 64, 5 Ann. Cas. 665 and
Montgomery v. Roman, 147 Ala. 434, 41
South. 811, as requiring the conclusion that
the respective claims against these respond-
ents (appellants) for unpaid balances on sub-
scriptions were not barred. The former was
decided at the November term, 1904; and
the latter on June 30, 1906.

By the amendatory act (of Code 1886, §
2972) approved February 18, 1895 (Gen. Acts
1894–95, p. 881), it was provided:

"A judgment creditor of a corporation, having
an execution returned no property found, may
by garnishment subject the unpaid subscription
of any stockholder in such corporation to the
payment of his debts, without giving bond or se-
curity, and without regard to whether the cor-
poration can maintain suit against such stock-
holder for such unpaid subscription, or not, or
such creditor may proceed in equity against any
one or more of such stockholders, and subject
such unpaid subscription without joining the oth-
er subscribers, or stockholders, and without re-
gard to whether the corporation has called for
such unpaid subscriptions and could maintain
suit therefor, or not. Provided, however, that the
provisions of this act shall not apply to suits
now pending."

In Enslen v. Nathan, 136 Ala. 412, 34
South. 929, reference was made to the state
of the law, statutory and decisional, preced-
ing the adoption of the above-quoted amend-
atory act. It is unnecessary to repeat it.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The provisions of the amendatory act have passed into Code 1907, §§ 3744 and 4311. These sections authorize either garnishment or bill in equity to effect the enforcement of the payment of unpaid balances on subscriptions to capital stock in corporations. After noting the creation of these alternative remedies this court, in Montgomery v. Roman, 147 Ala. 440, 41 South. 813, said:

"In this case the judgment creditor first proceeded by garnishment. Since the enactment of our statute permitting the process by garnishment against a stockholder, without regard to whether a suit could be maintained by the corporation, the issue is the same, whether the proceeding be by garnishment or in equity, to wit, 'whether the garnishee is indebted to the debtor in such form as that the debt can be condemned to the satisfaction of the plaintiff's judgment.'"

This conclusion of the court—announced approximately 12 years ago—consists with the sound view that there is no material difference between these remedies; their purposes and the results to attend upon their appropriate application. There is no reason why the inception of a period of limitation should be at one point of time under one of these alternative remedies and another where the other remedy is resorted to. In both the Vaughn and Roman Cases (cited supra) it was decided that the period of limitation did not begin to run against a creditor pursuing one of the remedies provided in the act approved February 18, 1895 (bill in equity), cited ante, until the execution, issued on the judgment against the corporation, was returned nulla bona. This repeated interpretation of the effect of the statute in the Code of 1896 was extant when the Code of 1907 readopted without material change the statutes that were the codification of the provisions of the act' approved February 18, 1895. Decisions of this court delivered before the cited act of 1895 was enacted, or that administered the law prior to that enactment, are not to be accounted authority under the changed (by the Act of 1895) statutory status. In Harris v. Gateway Land Co., 128 Ala. 652, 29 South. 611, the court quoted a part of the act of 1895, citing the act. This decision was cited on the brief in the Vaughn Case, but it was not referred to in the opinion in the Vaughn Case. It is manifest that the court, in the Harris Case, took no proper account of the effect of the statute considered in the Vaughn and Roman Cases, supra. The court below correctly held, as a matter of law, that the respective claims against these several respondents (appellants) were not barred by the statute of limitation of six years.

[2] The court, in its opinion, also sets down a conclusion of fact, that cannot be gainsaid on the record here, that leads to the same result, viz. that, in fact, there was no efficient call made in 1908 for the payment of the unpaid balance on subscriptions for the stock. This being true, even apart

from the authority of the Vaughn and Roman Cases, it is plain that no bar had become effective to protect these stockholders from liability for unpaid subscriptions.

Since the evidence, heard by the court under the practice established by the act of 1915 (Gen. Acts 1915, p. 705), failed, as the court below concluded, to show the presence of all of the conditions requisite to exonerate an original subscriber for capital stock from his obligation to discharge an unpaid balance on his subscription (Henderson v. Mayfield Woolen Mills, 153 Ala. 625, 45 South. 211), the court cannot be held to have erred in its decree adjudging respondents McNeill and Wynn liable for their respective balances.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.