(89 South. 297)

**TERRELL v. WARTEN. (8 Div. 303.)**

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 19, 1921.)

**1. Corporations ⚖99(2) — Subscriber for stock not liable where contract was void under Constitution.**

A subscriber for corporate stock to be paid for in services is not liable for the stock, though the contract for payment is void under the Constitution and statutes, requiring payment to be made in cash or property, since the subscriber cannot be under a contractual obligation to pay money not contemplated by the only contract he entered into.

**2. Bankruptcy ⚖145(2) — Trustee of bankrupt corporation cannot enforce stockholder's note which corporation could not enforce.**

A trustee of a bankrupt corporation is vested with no better right and title than the corporation to a note given by a subscriber for corporate stock, and cannot enforce the payment of such note if the corporation could not do so, regardless of rights in equity which the creditors of the corporation may have had against the subscriber.

**3. Corporations ⚖99(2) — Stockholder's plea subscription to stock void under Constitution, was not frivolous.**

In an action on a note given by a subscriber to corporate stock, a plea alleging that the subscription was to be paid only from commissions on the sale of the stock to others, and that as such it was void under the Constitution, requiring stock subscriptions to be payable only in cash or property, is not demurrable as frivolous, but instead states a good defense to the action.

**4. Pleading ⚖8(6)—Stockholder's plea of invalidity of subscription contract under Constitution held not a conclusion.**

In an action on a note given by a subscriber for corporate stock, a plea that the stock for which the note was given was not issued for money, labor done, or property received, and therefore the subscription was illegal and void under the Constitution, states the ultimate facts from which the conclusion of illegality was drawn, and is not demurrable as pleading merely the legal conclusion.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Action by the Citizens' Loan & Savings Company against Leo M. Warten upon a promissory note, revived in the name of R. A. Terrell, as trustee in bankruptcy of the original plaintiff. Judgment for defendant, and the trustee appeals. Affirmed.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The pleas referred to in the opinion are as follows:

C. That at the time of executing the original note, of which the note in suit is a renewal, with full knowledge of the president, or vice president, or the cashier, or all of them, this defendant agreed to take up the contract existing between the said Tom Stobert and the Citizens' Loan & Savings Company, Inc., and H. C. Maynard, an agent and stockholder of the said corporation, and that in and by the terms of said contract above mentioned it was agreed and covenanted that the said Tom Stobert was to give his note for $5,000 for 200 shares of the capital stock of the said Citizens' Loan & Savings Company, Inc., and that the said note should be paid and paid only by and through commissions earned from the sale of the stock of said corporation under the contract which the said corporation had with the said H. C. Maynard, and that this defendant was substituted in said contract for said Stobert under the same terms, agreements, and conditions of said Stobert's contract as to payment of said note of $5,000.

E. That this defendant executed his note to the Citizens' Loan & Savings Company, Inc., of which the note in suit is a mere renewal, thereby substituting his note for the note of one Tom Stobert, under the distinct agreement that in so doing he was assuming only such liability as was assumed by Tom Stobert under a contract that said Tom Stobert had with said Citizens' Loan & Savings Company, Inc., of which the president, or vice president, or cashier, or all of them, had with H. C. Maynard, which contract and agreement was that said Tom Stobert and others should have the sole right to sell the stock of said corporation, for which they should receive a commission, and out of which commission the said note of Tom Stobert should be paid, and should be paid only by, through, and out of his share of the proceeds of said commissions, and that the 200 shares of the capital stock of said corporation for which $5,000 was to be paid to the corporation by said Tom Stobert were not to become the property of said Tom Stobert until said note had been paid in the manner and form as hereinbefore set forth, and that this defendant, as to said contract mentioned herein, merely substituted himself as a party to said contract and in lieu of said Tom Stobert; and this defendant avers that this note was not paid for out of the said commissions, and that before commissions were earned said corporation became, was, and is a bankrupt, and is incapacitated and disabled to comply with the terms of said contract.

F. That said note in suit was given for 200 shares of the capital stock of the Citizens' Loan & Savings Company, Inc., a corporation organized and existing under the laws of the state of Alabama; and this defendant avers that the issuance of said stock was contrary to and a violation of section 234 of the Constitution of Alabama in this, that said stock was not issued for money, labor done, or property actually received, and therefore the consideration of said note was illegal and void.

The other pleas referred to are variations of the same state of facts as set forth in pleas C. and E.

The replications were as follows:

Replication 2. That the renewal note set forth in said plea upon which this suit is brought was given by said defendant for the purchase price and accrued interest thereon of 200 shares of capital stock of said Citizens' Loan & Savings Company, which had heretofore been subscribed for, and the certificate for said 200 shares of said capital stock duly issued by the said company to and in the name of the defendant was retained by it as security for the payment of said note.

Replication 3. That the said defendant did not rescind or repudiate the said note, or the contract of subscription to the capital stock of the said company on which the same is founded, within a reasonable time after he discovered the alleged fraud, as set forth in the said plea, or after he knew such facts as charged him with knowledge of the same.

Replication 4. That the contract of subscription to and for said 200 shares of the capital stock of the said Citizens' Loan & Savings Company, for which the said renewal note set forth in the said plea upon which this suit is brought was given by said defendant, was made on, to wit, July 27, 1916; and that thereafter on, to wit, February 17, 1917, said defendant was or acted as a director of said company and participated in the director's meeting of the same; and that thereafter on, to wit, April 11, 1917, he, through his proxy, took part in a stockholders' meeting of said company, wherein his said 200 shares of the capital stock of the said company were voted, and that he was then and there elected a director of said company, and that thereafter he continued to be a director of said company until, to wit, November 28, 1917, and that he did not, during the time aforesaid, rescind or repudiate the said contract of subscription, or the note evidencing the same upon which this action is brought, and that he is now estopped of so doing as against the said plaintiff in said cause.

Replication 5. That the said W. N. Malone had made a personal verbal contract with said Stobert that after he (said Stobert) had gotten into business with said company, if it was not as he (said Malone) had stated and he (said Stobert) was not satisfied, he (said Malone) would let him out and refund his money and cancel his subscription, and that said Stobert did become dissatisfied therewith and so stated to said Malone, and that the acts and statements of the said Malone set forth in the said plea were made for and on account of his said contract with the said Stobert and were not for and on account of said company.

Wood & Pritchard, of Birmingham, and Sanders & Sanders, of Athens, for appellant.

The stock herein referred to is the common stock; the preferred stock having been before this court in 17 Ala. App. 76, 81 South. 854, and 82 South. 893. The status implies insolvency, the existence of creditors, and demands due and unsatisfied. 185 Ala. 41, 64 South. 293; 81 Neb. 750, 116 N. W. 781, 17 L. R. A. (N. S.) 350; 66 Neb. 312, 92 N. W. 911. The subscription is valid as to the subscription, although it may be void as to

the manner of payment. Section 3467, Code 1907; section 234, Const. 1901; 173 Ala. 398, 56 South. 235; 126 Mo. App. 116, 103 S. W. 975; 96 Ark. 1, 130 S. W. 585, 30 L. R. A. (N. S.) 694, Ann. Cas. 1912B, 488. The agreement set up in the pleas is a fraud on the rights of creditors. Section 3480, Code 1907; 152 Ala. 440, 44 South. 575; 167 Mo. App. 305, 149 S. W. 1156. The assets are a trust fund for the payment of creditors. Sections 3467, 3468, and 3509, Code 1907; 201 Ala. 130, 77 South. 554, L. R. A. 1918C, 839. Plea F should have been stricken. Section 5322, Code 1907; 127 Ala. 52, 28 South. 376.

W. R. Walker, of Athens, for appellee.

The contract was void. Section 234, Const. 1901; section 3467, Code 1907; 190 Ala. 388, 67 South. 510; 89 South. 24; 200 Ala. 364. Notice to the officers was notice to the bank. 199 Ala. 659, 75 South. 310. Between the stockholders and the corporation, the corporation can recover only what the stockholder agreed to pay. 143 Ala. 572, 42 South. 64, 5 Ann. Cas. 665. Notes given for fictitious or illegally issued stock can be enforced by the corporation. 109 Ala. 196, 19 South. 522; 87 Ala. 725, 6 South. 702, 6 L. R. A. 218; 190 Ala. 388, 67 South. 510; 93 Ala. 364, 9 South. 217; 101 Ala. 127, 8 South. 496; 123 Ala. 538, 26 South. 232. The trustee had no higher rights than the corporation, whose representative he was.

SAYRE, J. The original plaintiff in this cause was the Citizens' Loan & Savings Company, a corporation, and the declaration was upon a promissory note executed by defendant, appellee, and made payable to plaintiff. Afterwards the original plaintiff was adjudged a bankrupt, whereupon, and upon proper suggestion, the cause was revived in the name of appellant as trustee of the bankrupt estate of the corporation. Pleas (C, E, F, G, H, I, and K) were then filed by the defendant, alleging, to set forth their effect in brief, that the note in suit had been given for stock of the corporation with the understanding that it was to be paid for out of commissions to be earned by defendant by sales of the stock of the original plaintiff corporation, and not otherwise, and that the contract so evidenced was null and void, as being prohibited by section 234 of the Constitution, providing that—

"No corporation shall issue stocks or bonds except for money, labor done, or property actually received; and all fictitious increase of stock or indebtedness shall be void."

Demurrers to these pleas being overruled, substituted plaintiff suffered a nonsuit, reserving the questions so raised for the decision of this court. Code, § 3017. Rulings by which demurrers were sustained to several special replications (2, 3, 4, and 5) were in like manner reserved for review.

Substituted plaintiff, proceeding in the name and stead of original plaintiff, had no better right than original plaintiff. Our understanding of the brief filed for appellant is that the trustee bases his right to recover on the theory that he stands in the shoes of creditors of the bankrupt corporation, and that such creditors would be entitled to reach and subject to the satisfaction of their claims the indebtedness evidenced by the note without embarrassment from the condition upon which the parties to the note made its obligation to depend. Whatever creditors, or the trustee representing them, might do by way of a bill in equity, it is manifest, we think, that the trustee cannot maintain the action in this case, for the reason that the corporation itself could not maintain it.

[1, 2] In Nicrosi v. Irvine, 102 Ala. 648, 15 South. 429, 48 Am. St. Rep. 92, it was said, in effect by McClellan, J., speaking for the court, that it was not possible to conceive that the subscriber to corporate stock would be under a legal contractual obligation to pay money not contemplated by the only contract ever attempted or intended to be made between the parties, even though by reason of constitutional and statutory provisions limitations of liability contracted for were to be considered void at law. Such, in effect, was also the ruling of this court in the recent case of Midcontinental Life Ins. Co. v. Beasley, 202 Ala. 35, 79 South. 373. See, also, Vaughn v. Alabama Nat. Bank, 143 Ala. 572, 42 South. 64, 5 Ann. Cas. 665. And the ruling of the Supreme Court of the United States is that the trustee in bankruptcy is vested with no better right or title than the bankrupt had when the trustee's title accrued. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782. It results from this law and the facts alleged in the several pleas that the note in question did not at the time of this action evidence a liability to the corporation, and hence that its trustee in bankruptcy cannot maintain this action. In re Huffman-Huffman-Salvar Roofing Paint Co. (D. C.) 234 Fed. 798, where Grubb, District Judge, reviews our cases and makes a clear statement of the Alabama law on this subject.

[3, 4] The foregoing conclusions, going to the root of plaintiff's case, answer every assignment of error. It follows from what has been said that demurrers to the replications were properly sustained. They advanced nothing material in the way of reply. Nor was there error in overruling the motion to strike plea "F" as frivolous—a ruling not noted in our preliminary statement of the case. So far from being frivolous, the plea, under our view of the law, states a perfect defense. Nor was this plea objectionable by way of motion or demurrer on the ground that it stated the mere conclusion of the pleader. It stated an ultimate fact, viz., that

the stock for which the note in suit was given was not issued for money, labor done, or property actually received, and from this fact the pleader, in agreement with the law, concluded that the note was void. It results that the judgment of the trial court was correct in all respects.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.