This is an appeal from granting of a summary judgment against garnishee.
Jackson leased a building to Scientific Technical of North America, Inc., on April 21, 1982, for the term of one year. Jackson optioned to terminate the lease for *Page 172 
nonpayment and other reasons. Jackson brought action in district court for payment under the lease, suing Scientific Technical; Blatchley; Morgan; Denniston Co., Inc., a corporation; Padgett, Anita B. Denniston; Garey and Weisbauer; the officers, directors, agents and/or shareholders of Scientific Technical of North America, Inc. The complaint sued for breach of the lease contract and further alleged that the stock issued by Scientific Technical was done so without consideration or payment and that the officers and shareholders were attempting to fraudulently dispose of the corporate assets, evading the just claims of creditors such as Jackson.
The trial court rendered a judgment against Scientific Technical, only. No appeal was taken. Jackson issued garnishment to Denniston Co., under § 6-6-414, Code of Alabama 1975, alleging Denniston Co. had subscribed to 500,000 shares of Scientific Technical and had not paid for the shares. After hearing, the district court discharged garnishee and Jackson appealed to circuit court. Denniston Co. moved for a summary judgment based on pleadings, previous court orders and "other matters contained in the file," which was denied by the court. Jackson filed for summary judgment on exhibits, three affidavits, pleadings, and request for admission and answer. Jackson's motion was granted by the circuit court. Denniston appeals contending that the garnishment is precluded by the doctrine of res judicata or collateral estoppel.
The doctrine of res judicata or judgment by estoppel rests upon the primary principle that matters once adjudicated are thereafter settled and determined. Irwin v. Alabama Fuel andIron Co., 215 Ala. 328, 110 So. 566 (1926). To sustain such a plea the parties must be the same, the subject matter the same, the same point must have been directly in question, with a judgment rendered on that point by a court with subject matter jurisdiction. Suggs v. Alabama Power Co., 271 Ala. 168,123 So.2d 4 (1960). Murphy v. Louisville N. R.R. Co., 258 Ala. 138, 61 So.2d 3 (1952). Denniston submits that Jackson first sued it in an attempt to "pierce the corporate veil" of Scientific Technical to reach Denniston; and that judgment was rendered in Denniston's favor. Therefore the doctrine of res judicata applies.
Generally, there are two ways of subjecting a stockholder to liability for an unpaid subscription for corporate stock. One way is by an equitable proceeding and the other by garnishment under § 6-6-414. Montgomery Iron Works v. Roman, 147 Ala. 434,41 So. 811 (1906). In Alabama the district court does not have equity jurisdiction, § 12-12-30 (1). It was necessary to reduce the indebtedness of the corporation to Jackson to a judgment before garnishment would lie against Denniston. Lake JacksonHotel Co. v. Rockwell, 202 Ala. 216, 80 So. 38 (1918).
The contention of Jackson in district court is not evident. Assuming the contention of Denniston as true, the failure to establish Scientific Technical as the alter ego of Denniston in district court would not preclude a subsequent showing that Denniston was a debtor to Scientific Technical for nonpayment of an alleged stock subscription. The diversity of the issues are such that the doctrine does not apply. "A prior judgment between some parties, which is not strictly res judicata because based upon different causes of action, operates as an `estoppel' only as to matters actually in issue or points controverted." Aetna Life Insurance Company of Hartford,Connecticut v. Martin, 108 F.2d 824 (8th Cir. 1940). There is no evidence in the record that the indebtedness of Denniston to Scientific Technical for nonpayment of a stock subscription was litigated in district court.
Denniston further argues that the judgment in the amount of $5,000 is excessive. The district court's judgment was in the sum of $3,830, plus costs of $79. Interest on that judgment to date of summary judgment in circuit court would be $638.80, making a total amount of $4,547.80. It appears that the circuit court advised Jackson *Page 173 
that his motion for summary judgment would be granted and Jackson submitted to the court an affidavit for attorney's fee. Such fee was apparently partially granted. Jackson contends that he is entitled to an attorney's fee under the terms of the lease. He may have been entitled to attorney's fees from the lessee, Scientific Technical. He is not, however, entitled to an attorney's fee for work done during the garnishment process against the unpaid subscriber, Denniston Co. Although §6-6-414, Code of Alabama 1975 provides that a creditor may seek payment of the debt owed to him by subjecting the unpaid subscription to the debt, it does not provide that Jackson may recover attorneys fees against the garnishee (subscriber). Jackson has waited too late. All that he can recover from Denniston is what he recovered in district court, up to the limits of what Denniston owed for its unpaid subscription. §6-6-414, Code of Alabama 1975; 19 Am.Jur.2d Corporations § 724 (1965); § 10-2A-43 (a), Code 1975. Had Jackson received a $5,000 judgment in district court (including, if any, attorney's fees) against Scientific Technical, he could then recover through § 6-6-414 $5,000 from Denniston. However, Jackson may not, in a subsequent garnishment action against Denniston, seek to add attorney's fees to the judgment received against Scientific Technical, up to the $5,000 obligation of Denniston as an unpaid subscriber. Therefore, any award of judgment against garnishee above $4,547.80 was excessive.
Denniston further alleges on appeal that there is no evidence of an unpaid subscription for stock by Denniston Co., to Scientific Technical and that the court erred in entering a summary judgment. Denniston Co. submitted its motion for summary judgment on the pleadings, previous court orders and "other matters contained in the file." Jackson submitted for summary judgment on pleadings, exhibits, affidavits and request for admissions and answers. The exhibits consisted of a promissory note from Denniston Co. to Scientific Technical, dated April 19, 1982, in the sum of $5,000; minutes of a special shareholders' meeting of Scientific Technical where Denniston Co., by George Denniston, president, voted 500,000 shares; letter dated April 22, 1982, from Denniston Co. to Blatchley, president of Scientific Technical, that Denniston 
Co. had purchased 500,000 shares of Scientific Technical, directing how the stock certificates were to be issued; stock certificates as designated; letter of July 14, 1982, from Blatchley to Denniston advising that the promissory note for the purchase of stock was in violation of Alabama law and that he was returning the promissory note and voiding the stock subscription by Denniston Co.; letter of July 14, 1982, from Blatchley to R.L. Polk Co. to cancel the city directory as the firm was ceasing business; articles of incorporation of Scientific Technical and by-laws; request for admission of fact and answers; oral affidavits of Jackson, Gus B. Thames, Sr. and Nelson Brown, III. Denniston did not file any opposing affidavits or evidence.
It is evident that Denniston intended to be a stockholder in Scientific Technical. Where the articles of incorporation or by-laws do not specify the mode of subscription, the general law of contracts applies, and as stated in Planters MerchantsIndependent Packet Co. v. Webb, 144 Ala. 666, 39 So. 562
(1905): "Whenever an intent to become a subscriber is manifested, the courts incline, without particular reference to formality, to hold that the contract of subscription subsists. It is, as in the case of other contracts, very much a question of intent. (Citations omitted.)" Denniston contends if there was a subscription it is null and void under Article XII, Section 234, Constitution of Alabama, 1901:
 "No corporation shall issue stocks or bonds except for money, labor done or property actually received; and all fictitious increases of stock or indebtedness shall be void."
and § 10-2A-36 (b), Code of Alabama 1975:
 "Neither promissory note nor future services shall constitute payment or part *Page 174 
payment for the issuance of shares of a corporation."
and cites Terrell v. Warten, 206 Ala. 90, 89 So. 297 (1921) as authority therefor. Terrell is inapplicable in this case as it concerns a trustee in bankruptcy's attempt to recover for unpaid stock which was evidenced by a promissory note to be paid only through commissions from sale of stock of the corporation. Under the bankruptcy law, the trustee could only enforce the rights of the corporation in the note, and the promissor never contracted to pay money for the stock.
Jackson is a creditor of Scientific Technical. § 6-6-414, Code of Alabama 1975, states:
 "Any creditor of a corporation may, by garnishment, subject the unpaid subscription of any stockholder in such corporation to the payment of its debts, without regard to whether the corporation can commence an action against the stockholder for such subscription or not."
This is an independent right of action existing in favor of creditors of the corporation. In re Huffman-Salvar RoofingPaint Co., 234 F. 798 (N.D.Ala. 1916); Curry v. Woodward,53 Ala. 371 (1875).
The evidence before the. court shows Denniston Co. gave a promissory note for the stock; acknowledged purchasing the stock and participated in shareholders meeting; the stock and other records were maintained and kept in Denniston's office by Wiesbauer, secretary of Scientific Technical and Denniston. Denniston Co. is estopped from making the defense that the transaction was null and void and illegal as to creditors of Scientific Technical. Joy v. Godchaux, 35 F.2d 649 (8th Cir. 1929). In 18 C.J.S. Corporations § 272 (1939), the following is stated: "If the unauthorized reduction takes the form of a surrender, or purchase and retirement, of shares of stock, on a release of subscribers, they will remain liable as subscribers or stockholders to or for the benefit of creditors; and directors or officers who authorize or participate in the reduction will be liable as for a conversion or misapplication of corporate assets." The act of the president of the insolvent corporation to voluntarily cancel the subscription and withdraw the stock was solely his act without the attempted authorization of the board of directors and wholly ineffectual to discharge or release the liability of Denniston to the creditors of the corporation for the amount due for the shares of stock.
A party moving for summary judgment has the burden of clearly showing that there is an absence of a genuine issue as to any material fact and that the moving party must be entitled to the summary judgment as a matter of law. Butler v. Michigan MutualInsurance Co., 402 So.2d 949 (Ala. 1981). Once a motion for summary judgment has been made and supported as required by Rule 56, Alabama Rules of Civil Procedure, the motion is to be granted unless the adverse party makes an evidentiary or factual showing that there is a genuine issue of fact for trial. Butler, supra.
In the instant case the exhibits, affidavits, pleadings, request for admission of facts and answers made a prima facie case of liability of the garnishee. Denniston did not offer anything in response to Jackson's motion for summary judgment. Once a prima facie showing is made that there is no general issue of material fact, it then becomes the burden of the opposing party to produce evidence to the contrary. Holliyan v.Gayle, 404 So.2d 31, (Ala. 1981). An opposing party may not rest upon the mere allegations or denials of the pleadings.Butler, supra. When no evidence is offered to contradict, or the opposing party fails to respond to a motion for summary judgment, the trial court has no alternative but to consider the evidence presented by the moving party as uncontradicted; and, if warranted by such evidence, summary judgment may be entered against the nonmoving party. Butler v. Michigan MutualInsurance Co., supra. Such is the case here and for the foregoing reasons, this case is affirmed conditioned upon the filing of a remittitur by Jackson in the amount of *Page 175 
$452.20, thus reducing the amount of the judgment to $4,547.80. If such remittitur is not filed within thirty days, the judgment will stand reversed and the cause remanded.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED CONDITIONALLY.
All the Judges concur.