# Henderson *v.* Mayfield Woolen Mills.

## *Garnishment.*

(Decided Dec. 19, 1907.   45 South. 211.)

1. *Corporations; Stockholders; Unpaid Subscriptions; Liability to Creditors On.*—The bona fide transfer of stock to a solvent purchaser with the assent of the corporation when solvent, relieves a stockholder from liability to creditors of the corporation on the unpaid balance of his subscription.

2. *Same; Liability of Assignee.*—The transferee of unpaid corporate stock, if bona fide, assumes the stockholder's liability for the unpaid subscription when the transfer is made with the assent of the corporation when solvent.

3. *Same; Transfer on Books.*—Section 1262 is for the protection of creditors and purchasers from the stockholders, and not for the protection of creditors of the corporation, and a failure to register a bona fide transfer upon the books will not render such transfer void as to creditors of the corporation, entitling such to sue the transferor to recover on an unpaid stock subscription.

4. *Same; Proceedings; Garnishment.*—An unpaid stock subscription may be reached by garnishment and subjected to the payment of corporate debts under the express provisions of section 2182, Code 1896.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Garnishment of Fox Henderson on a judgment recovered by the Mayfield Woolen Mills against the First Bank of Elba. Judgment having been rendered against the garnishee, he appeals. Reversed and rendered.

At the organization of the First Bank of Elba Henderson became subscriber amounting to $8,400, on which he paid before garnishment the sum of $5,220. The bank was organized in October, 1899. In July, 1903, Henderson sold to Malone his entire holdings in said bank. At that time the bank was solved, having a surplus of $7,000 on a paid-up capital of $35,000. Malone continued in the management and control of said bank, in connec-

40 R

tion with the other stockholders, until September, 1903, when the bank was merged into the First National Bank, and on the merger Malone received a pro rata part of appellant's stock and the assets of said bank, as well as the amount of paid-up stock in the new bank. The Mayfield Woolen Mills recovered judgment against the First Bank of Elba and garnisheed certain parties. Judgment was rendered against the bank, and appeal was taken to the Supreme Court, with one Powell and Hutchinson as sureties. The judgment was affirmed in the Supreme Court, and was paid by the sureties, who procured a transfer of the judgment from the Mayfield Woolen Mills, and they, on September 29, 1905, in the name of Mayfield Woolen Mills, sued out garnishment against Henderson. On his answer he denied indebtedness, which was contested, and on the trial the facts as above set out appeared, and were so found by the trial court, who on these facts rendered judgment against garnishee.

FOSTER, SAMFORD & CARROLL, for appellant. Garnishment process being of statutory creation must be exercised within the stautory limit.—*Jones v. Crews,* 64 Ala. 368; *Beeman v. Hudmon,* 79 Ala. 532; *Adams v. Creen,* 100 Ala. 218. As applicable to this proceeding, we cite the rule declared in *Barclay v. Barclay,* 42 Ala. 345. The motion for summary judgment on the facts in this case was by operation of law, discontinued.— *Gary v. The Bank,* 11 Ala. 771. That the motion was discontinued, see, *Henley v. Young,* 69 Ala. 89; *Ex parte State,* 71 Ala. 307; *Ex parte Humes,* 130 Ala. 303. When a judgment of a lower court is affirmed on appeal the judgment becomes merged.—*McArthur v. Bane,* 61 Ala. 542. Notwithstanding sec. 2128, Code 1896, a stockholder is not liable by way of garnishment if before the

institution of proceedings, he has sold his interest as stockholder to any person in good faith and such sale has been thereafter recognized by the corporation.— *Allen v. Montgomery*, 11 Ala. 437; *Marcy v. Clark*, 17 Mass. 330; *Roman v. Fry*, 5 J. J. M. 34; 26 A. & E. Ency. of Law, 1035; *Curtis v. Harlow*, 12 Metc. 3; *Longley v. Little*, 26 Me. 162.

J. F. SANDERS, and CLAUD RILEY, for appellee. There is nothing in the record to show a discontinuance.— *Robinson, et al. v. Starke*, 3 Stew. 90; *Security L. Asso. v. Weems*, 69 Ala. 584; *Talladega Merc. Co. v. McDonald*, 97 Ala. 508; *Steiner Bros. v. 1st Nat. Bank*, 115 Ala. 379; 6 Ency. P. & P. 64. A supersedeas merely preserves the status in quo, pending the appeal.—2 Cyc. 908. By his action the garnishee submitted himself to the jurisdiction of the court.—*Merchants' Nat. Bank v. Troy Groc. Co.*, 43 South. 208. The transfer of stock and assets of the corporation does not make the transferee liable for the debts of the corporation.—*Merritt v. Morris*, 132 Ala. 190; *Force v. Age Herald Pub. Co.*, 136 Ala. 278; *Friend v. Powers*, 93 Ala. 114. Section 2182 of the Code was enacted to fit just such a case as this.—*Enslen v. Nathan*, 34 South. 929. Section 1263, Code 1896 is not complied with.—*Thomas v. Savings Bank*, 3 Am. St. Rep. 833. This renders the transferor and not the transferee liable.—2 Morawetz on Corp. sec. 852; Thompson's Liability of Stockholders, sec. 178; *Plum v. Bank of Enterprise*, 40 A. & E. Corp. cases, 186; 10 Cyc. 617; *White v. Rannin*, 90 Ala. 541; *Duke v. Cahaba*, 10 Ala. 472; *Fisher, et al. v. Jones*, 82 Ala. 117.

ANDERSON, J.—While it is a settled principle of law that a stockholder is liable for an unpaid subscription for stock which he has subscribed, it is also settled

in this state that he can discharge himself from liability by bona fide transfer of the stock to a solvent party with the assent of the corporation, which is at the time solvent.—*Allen v. Montgomery R. R. Co.*, 11 Ala. 437; 26 Am. & Eng. Ency. Law, 1035. The evidence shows that the First Bank of Elba was solvent at the time Henderson sold his stock to Malone, does not show that Malone was insolvent, and it is clear that the corporation ratified the transfer by continuous acquiescence. Under the transfer Henderson ceased to be liable for the unpaid balance of his subscription, and Malone, in purchasing, assumed the liability.

It is insisted that Henderson did not, by the sale and transfer of the stock, relieve himself from liability for the unpaid balance of his subscription, because the transfer was not formally made and registered upon the books of the corporation, as required by sections 1262 and 1263 of the Code of 1896. These statutes do not render the transfer void for a failure to comply therewith, except as to the class therein contemplated. This court has often held that a transfer, though not registered, was good as between the parties thereto.—*Duke v. Cahaba Co.*, 10 Ala. 82, 44 Am. Dec. 472; *Fisher v. Jones*, 82 Ala. 117, 3 South. 13; *Campbell v. Woodstock Co.*, 83 Ala. 351, 3 South. 369. It has also been held that sections 1262, 1263, and 1265 should be construed in connection with each other. In the case of *Fisher v. Jones, supra*, it was said: "The purpose of the statute, on this subject, is obviously to give notice of the title to creditors and purchasers, so as to prevent fraudulent transfers, and to protect the corporation itself in determining the question of membership, the right to vote, the payment of dividends, and other incidents of ownership." We do not think that these statutes were intended for the protection of creditors of the corporation, but

[Henderson v. Mayfield Woolen Mills.]

creditors of and purchasers from the stockholders. A creditor of the corporation is fully protected as to any unpaid balance due upon subscriptions, whether there has been a formal transfer or not, as the transferee would be liable and answerable if solvent, and if insolvent and the corporation was insolvent at the time of the transfer the transferror would be liable, whether the transfer was formally made and registered or not. It is clear, from the very terms of section 1263, that the registration of the stock is intended to protect creditors of and purchasers from the transferror, as it makes it the duty of one getting the stock to have the transfer registered—not the transferror—in order to protect himself against creditors of the corporation.

There can be no doubt but that a creditor of a corporation can, by the terms of section 2182 of the Code of 1896, subject the unpaid subscription of a stockholder by process of garnishment; but the garnishment must be directed against the one liable for the unpaid subscription, and will not lie against one who ceased to be liable by making a bona fide transfer of his stock.

This cause having been tried by the final court upon a special finding of facts, the judgment of the circuit court is reversed, and one is here rendered discharging the garnishee, Henderson.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.