Julia A. Smith, Appellee, v. Augustus M. Smith, Appellant.

SEPARATE MAINTENANCE—*what essential to establish.* In order for a wife to be entitled to a decree of separate maintenance she must establish that she is living separate and apart from her husband and that she was so living at the time of the filing of her bill. *Held,* under the evidence in this case, in which it appeared that the parties to the action were living in the same house but occupying different rooms, such essential was not established.

Separate maintenance. Appeal from the Circuit Court of Christian county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed May 28, 1910.

HOGAN & WALLACE and L. G. GRUNDY, for appellant.

F. P. DRENNAN and W. B. WRIGHT, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant for separate maintenance. Prior to his marriage to appellee and for some time after appellant was a farmer living upon his farm. Appellee came to the farm as appellant's housekeeper. She brought with her two daughters. She had a son who was not brought with her at the time she went to appellant's home as a housekeeper. Appellee had been appellant's housekeeper about two years when they were married. The evidence discloses that prior to her marriage she became so convinced of the good qualities of appellant that she was willing to marry him and she alleges that a part of the consideration which influenced her in this matter was that appellee was to provide a home for her children.

Soon after the marriage, disagreements began to arise between appellant and appellee concerning the household and the duties and requirements of appellant therein, regarding the furnishing and supplies for the house and necessary funds for appellee and her children, and appellee charges that appellant thereafter cursed and abused her and at one time kicked her out of bed, called her vile and abusive names, accused her of improper conduct and continued such a course of cruel and inhuman treatment during the entire time of their wedded life; that household articles which she purchased either with her own money or money provided by him for the house were broken, numerous things thrown out of the house and curtains and drapery which appellee hung at the windows were torn down by appellant; that he threw victuals upon the floor and used his knife to scratch the floors which had been painted by appellee and her son.

Appellant contends that the cause of the trouble arose from the fact that he refused to convey to her certain property which she desired and because of his refusal to make a will which would be satisfactory to her.

This condition of affairs continued for a number of years,

when just before the filing of this bill it is alleged that appellant left appellee in a fit of passion, growing out of some family dispute they had had at that time, and that appellant left with the determination of never returning. Prior to this time they had moved from the farm into town.

While appellant was away during this fit of passion, which extended for three days, appellee filed her bill for separate maintenance, alleging that she was living separate and apart from appellant, and prays for a decree for separate maintenance; appellant answered the bill denying the allegations of the bill.

The cause was submitted to a jury and a verdict returned for appellee, a decree entered against appellant, ordering and directing appellant to pay to appellee $75 per month and to pay a solicitor's fee of $300, in addition to what had already been paid, prior to that time, as solicitor's fee upon the prior order of the court, making a total solicitor's fee of about $500.

Appellant prosecutes this appeal to reverse the decree rendered by the chancellor.

Upon an examination of this record the evidence discloses that appellee has never been living separate and apart from appellant and was not so living at the time of the filing of this bill, the record disclosing that appellant, in a fit of passion after a quarrel with appellee, left the home and went to the farm and although he may have said that he would not return, the record fully discloses that it was his intention to return and that he did return at the end of three days and that ever since that time, and at the time of the trial, appellant and appellee were living in the same house, under the same roof, but occupying different rooms therein. This course of conduct could not justify a finding that appellee was living separate and apart from appellant and upon examination of the decree we find there was no finding by the chancellor that appellee was living separate and apart from appellant without her fault. The only finding in the decree so far as the chancellor is concerned is that the equities of the cause are with the complainant and that appellant

commenced and continued a course of inhuman treatment towards her. The decree rendered by the chancellor must be reversed and the cause remanded.

Taking the view that we have of the evidence of this case it is unnecessary to pass upon any other questions raised by appellant in this record.

The decree is reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded.*