(125 So. 612)

### Ex parte ALLAN. (6 Div. 426.)

Supreme Court of Alabama. Dec. 19, 1929.

Rehearing Denied Jan. 25, 1930.

G. C. Boner and Aird & Aird, all of Birmingham, for petitioner.

Hugh A. Locke and Earl McBee, both of Birmingham, for respondent.

SAYRE, J.  Petitioner seeks by his application for the writ of mandamus to review the decree of the circuit court of Jefferson awarding to his wife an allowance for separate maintenance, for an attorney's fee for representing her in the proceedings, and for other relief. There was in respondent's (the wife's) original bill no prayer for relief by way of a decree of divorce, but the decree rendered will remain open for modification or change at any time in a proper proceeding to that end. Epps v. Epps, 218 Ala. 667, 120 So. 150.

Two questions are raised on this hearing: (1) The jurisdiction of the circuit court, sitting in equity, is denied; (2) the allowance ordered by the decree is, in view of the circumstances of the parties, alleged to be unreasonable and unjust.

 1. The wife, complainant in the original cause, is a resident of the city of Toronto in the Dominion of Canada. Her bill for separate maintenance and other incidental relief was filed on the equity side of the circuit court of Jefferson county in this state. The jurisdiction of that court is denied. That the court had jurisdiction in general to render a decree for separate maintenance is not denied (Hinds v. Hinds, 80 Ala. 225; Brindley v. Brindley, 121 Ala. 429, 25 So. 751); the contention in substance is that, since the parties—thus to speak of petitioner and his wife—lived together as man and wife in Canada, where the wife still resides, their matrimonial rights are to be determined according to the law of that jurisdiction, and the court of equity in this state should not have entertained original complainant's bill. This contention, obviously, is based upon the national unity and identity of the matrimonial domicile. That the court had jurisdiction of the defendant in the original cause, acquired by personal service on him, then a resident of this state, for the rendition of any personal decree, is obvious. The decree awarding to complainant the uninterrupted possession of the home place in the city of Toronto is not a decree in rem, but operates in personam only, having the effect of restraining defendant (petitioner in this proceeding) from interference with complain-

ant's possession and enjoyment of the home place in a foreign jurisdiction. In that jurisdiction we may presume·that the decree, in so far as it affects complainant's enjoyment of the home place, will, if occasion arises, be worked out directly on the person of defendant. Lamkin v. Lovell, 176 Ala. 334, 58 So. 258. As for the rest, there can be no doubt of the power of the court, so far as concerns defendant, to enforce its decree.

Assuming, for administrative purposes, the law of Canada to be the same as the law of this state, since no proof to the contrary is made (Peet v. Hatcher, 112 Ala. 514, 21 So. 711, 57 Am. St. Rep. 45), complainant might have taken her case to the Canadian court. But that is no sufficient reason for denying her relief in the courts of this state where she finds the defendant in person. "The place where the parties live together as husband and wife, either actually or constructively, is their matrimonial domicile, and such matrimonial domicile continues until a new one is acquired; and a new one cannot be acquired even constructively by a separation by one party from the other." 19 C. J. 27. Such, it will be conceded, is the general rule; but, to quote the language of Shaw, C. J., in Harteau v. Harteau, 14 Pick. (Mass.) 181, 25 Am. Dec. 372, "the law will recognize a wife, as having a separate existence, and separate interests, and separate rights, in those cases where the express object of all proceedings is to show, that the relation itself ought to be dissolved, or so modified as to establish separate interests. * * * Otherwise * * * the husband might deprive the wife of the means of enforcing her rights, and in effect of the rights themselves." 19 C. J. 32. We therefore hold that the husband in this case, residing in this state, may not be heard to object that the wife has come into this state from Canada, which was the matrimonial domicile of the parties to the original bill sought to be now reviewed, and has here, in the state of his residence, propounded her claim for separate maintenance in a court where, by personal decree, that claim may be made effectual. It is true, of course, that one purpose of the court in dealing with questions of the sort here involved is to care for the interest of the public, lest the deserted wife become a charge upon it, but another purpose is to right the wrongs of an injured wife, and the latter purpose will be served even though the former be not involved. Harrison v. Harrison, 19 Ala. 499.

The abandonment of which complainant in the original suit—the suit for maintenance —complained took place in Canada, but defendant now resides in this state, to which complainant has come for relief, and we have no doubt that the court of chancery of this state had jurisdiction to render the decree awarding separate maintenance. Cases of the class in which Ex parte Pearson, 76 Ala. 521, is found rest upon a different principle. In that case it was ruled that residents of this state alone are entitled to the benefit of the exemptions allowed by the laws of this state. That will not be denied.

2. Appellant's response to the decree, so far as concerns the amount of relief awarded, is that, in view of the unhappy relations between appellant and complainant, the allowance is excessive. The parties have two daughters who live with the complainant mother, one of them, however, of adult age. For some years before appellant left their residence in Canada and came to this state in search of employment they had lived unhappily together. Clearly, this was due to the fact that complainant insisted on caring in her home for her mother—since deceased— who was old and bedridden. No good purpose would be served by further statement of the situation in the home. Appellant in this state now earns $250 a month by his employment. Heretofore he has allowed complainant to have the use of the home in Toronto and has sent to her $50 a month. The court required· appellant to allow complainant the·continued use of the home place and pay to her in the· future $80 a month. The court also decreed that appellant should pay complainant's counsel a fee and to complainant a sum as "suit money." As to these last named two allowances no serious question is made. It will be observed that the total pecuniary allowance to the wife and the minor daughter (to speak of the minor daughter only—this for the reason that the dependence of the elder daughter does not appear) is now $80 a month out of total earnings of $250 a month. It does not appear that the wife has other income of any considerable amount. The court here thinks these allowances to be not unreasonable, and is not disposed to interfere with the decree.

But further: Relator, of whom we have spoken as appellant, asks for the writ of mandamus—this evidently on the theory that an appeal would not lie. No doubt relator in filing his application for the writ followed decisions of this court which may be found noted in the original opinion in Smith Smith, 218 Ala. 701, 120 So. 167, wherein it was held that mandamus was the proper writ for the review of decrees like unto this. But, on rehearing in that case, the court, reviewing antecedent authorities, held that appeal would lie, thus also, in effect, that mandamus must, ex mero if necessary, be denied. In that case, however, the rule of Brady v. Brady, 144 Ala. 414, 39 So. 237, which had been followed in several subsequent cases, was not denied, which was to say that an appeal will not lie to this court to review a decree fixing, modifying or denying an allowance of alimony pendente lite, and hence that such decree may only be reviewed in this

court by mandamus. That decision must result in a dismissal of the application for the writ sought in this proceeding.

The briefs make it to appear that the parties to the present proceeding intended to follow the precedent afforded, or supposed to be afforded, by the decision in Ex parte Dunlap, 209 Ala. 453, 96 So. 441, 442. In the introductory paragraph of the opinion in that case the court said: "The bill in this cause was filed for alimony without divorce (Hinds v. Hinds, 80 Ala. 225), and this application [for mandamus] serves the purpose of an emergency appeal to review an interlocutory decree not otherwise reviewable,"—citing Ex parte Eubank, 206 Ala. 8, 89 So. 656; Brady v. Brady, 144 Ala. 414, 39 So. 237; State ex rel. Sellers v. Locke, 208 Ala. 169, 93 So. 876. That statement of that case sufficed for the purposes of the then pending question, though, in view of the contentions now under consideration, it appears to be inadequate. In that case, as the original record of appeal shows, the wife prayed for alimony pending her suit to set aside a conveyance made by her husband in fraud of her rights and to enjoin his disposition of his property about to be made in order to forestall maintenance. The opinion in that case is not opposed to anything said or held in Smith v. Smith, supra. In that case, Ex parte Dunlap, the court observed the rule of Brady v. Brady, supra.

We have stated our view of the equity of petitioner's case. His application for the writ of mandamus must, in agreement with the decision in Smith v. Smith, be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.