(137 So. 666)

## WHITMAN v. WHITMAN.
### 8 Div. 331.

Supreme Court of Alabama.

Nov. 19, 1931.

O. D. Street & Son, of Birmingham, for appellant.

J. A. Lusk, of Guntersville, for appellee.

(137 So. 409)

## DAY & SACHS v. TRAVELERS' INS. CO.

### 6 ·Div. 816.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

**ANDERSON, C. J.**

The original bill disclaims any desire for a divorce and only seeks a separate support and maintenance for the complainant and her children. It has been repeatedly held by this court, commencing with Glover v. Glover, 16 Ala. 440, and continuing through a line of decisions, including the case of Ex parte Allan, 220 Ala. 482, 125 So. 612, that a court of equity has the inherent power to award the wife a separate maintenance or allowance out of the estate of the husband, even when no divorce is sought, but such relief will only be awarded when the pleading and proof shall make out a case entitling her to same. The bill does not make out such a case when it shows that there has been an abandonment or separation and that the complainant and respondent were living together as man and wife when the bill or petition was filed. Indeed, we find no Alabama case where the wife was granted a separate support and allowance if living with her husband when the bill was filed. On the other hand, we find respectable decisions by other courts holding that a separation, at the time the bill is filed, is a condition precedent to relief unless there is a statute to the contrary. Smith v. Smith, 156 Ill. App. 176; Battey v. Battey, 1 R. I. 212; Anshutz v. Anshutz, 16 N. J. Eq. 162. In fact, our own court, in the case Jones v. Jones, 174 Ala. 461, 57 So. 376, uses the following expression: " 'The object and purpose of such a bill as this is, not to sever the ties of matrimony, but to provide for the wife during the separation.' " The original bill was without equity and the trial court erred in overruling the respondent's demurrer to same.

The supplemental bill was likewise without equity as its equity was dependent upon the original bill and not upon the subsequent facts therein set out and which might give it equity as a separate or independent bill. It is a general principle of equity that, if the record shows that the complainant was not entitled to relief upon the original bill, matter which subsequently occurred, and which is averred by way of supplemental bill, does not cure the defect. Harper v. Raisin Fertilizer Co., 158 Ala. 329, 48 So. 589, 132 Am. St. Rep. 32, and cases there cited.

The decree of the circuit court is reversed, and one is here rendered sustaining the demurrer to the original and supplemental bill.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.