162 So. 113
### JONES et al. v. JONES et al.
### 7 Div. 337.

Supreme Court of Alabama.
June 6, 1935.

Hugh Walker, of Anniston, for appellant.

Ross Blackmon, of Anniston, for appellee.

BROWN, Justice.

The bill was filed November 24, 1934, by the appellees, alleging that they are heirs at law of F. M. Jones, deceased, against appellants, also heirs of said Jones, seeking to be let in and contribute their aliquot of the sum paid by the defendants in the purchase of the lands at tax sale, and the funeral expenses, paid by defendants in the burial of said ancestor, and to have the lands sold for division of the proceeds among the complainants and the respondents as joint owners or tenants in common.

The appeal here is from an interlocutory decree overruling the defendants' demurrers to the bill.

We are not prepared to say that if the facts stated in appellees' brief had been alleged in the bill it would be subject to the objections stated in the demurrer, but we are confined in our consideration to the averments of the bill, which, as against the specific grounds of demurrer, must be construed most strongly against the pleader.

The pertinent averments are: "That said F. M. Jones died seized and possessed" of the lands specifically described; "that *prior* to the tenth day of June, 1932, said land had been sold by the lawful authorities of the State of Alabama, for taxes due thereon, to the respondent J. B. Jones, brother of the *complainant* and *tenant* in common with these *complainants,* and tax deed was issued by the Probate Judge of Calhoun County to J. B. Jones to said lands for the consideration of $35.49 plus $1.00 for expense of deed thereto; that *the purchase of said land by the said J. B. Jones was made as co-tenant and trustee of these complainants and said J. B. Jones acquired title to the lands as such co-tenant and trustee subject to complainants' right of redemption.* Complainants aver that at the time of the death of F. M. Jones, *they inherited as his heirs at law and next of kin together with the said J. B Jones and J. H. Jones, said lands, together with the right to redeem the same from the said tax sale.*" (Italics supplied.)

While the facts are illy pleaded, mostly stated by way of conclusion as indicated by italics, nevertheless our judgment is that the general demurrer "for want of equity" was not well taken. McGilvary et al. **v.** Reynolds et al., 224 Ala. 435, 140 So.

417; McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 271, 59 So. 567; Shannon et al. v. Long, 180 Ala. 128, 60 So. 273; Seeberg v. Norville et al., 204 Ala. 20, 85 So. 505.

We are of opinion, however, that grounds 4, E, H, and CC were well taken, and therefore that the court erred in overruling the demurrer.

It will be noted that the bill does not aver the date the lands were put up for sale and bid in, or for what years the taxes were due, or on what date the deed was executed and delivered. The sole averment in this respect is "that *prior* to the tenth day of June, 1932, said land had been sold by the lawful authorities of the State of Alabama, for taxes due thereon." To adopt here the language of the opinion of this court in Lassitter v. Lee, 68 Ala. 287, 290, "In Jones v. Randle, 68 Ala. 258, it was settled, that the statute of limitations of five years, prescribed by section 92 of the Revenue Law of 1868 (Acts 1868, p. 327), commenced to run from the *delivery of the tax deed* to the purchaser, which *is construed to be the true date of the sale,* in contemplation *of the statute."* (Italics supplied.)

And in Jones v. Randle, 68 Ala. 258, 264, as observed by Chief Justice Stone, "Until then, there is no title to be asserted or questioned. If the purchaser sues, he can not recover on his certificate of purchase, because it confers no title. If the original owner sues the purchaser before the latter obtains a deed, the validity of the sale can not be tried, for the purchaser can not defend on his mere certificate of purchase."

Therefore, construing the averments of the bill most strongly against the pleader, the lands were sold and by deed title vested in the respondent prior to the death of F. M. Jones. If so, he had lost his right of redemption and nothing passed to his heirs at law.

However, if, as stated in the brief, Jones died after the lands were put up for sale and before the deed was executed by the probate judge, the title at his death passed into his heirs, subject to be divested by the final act, contemplated by the statute to complete the sale; the execution of the deed.

If the facts be as last stated, the minor heir, Lucille Jones, would have the right to redeem her interest in the property. Gen. Acts 1919, p. 366, § 289.

And, if facts are alleged sufficient to support the stated conclusions of the pleader, showing that the adult complainants were lulled into inactivity by the representations of the defendants sufficient to warrant a reasonable belief that said defendants were acting for the interest of all the heirs, this, it would seem, would relieve them from the imputation of laches in protecting their rights. Williams v. Massie et al., 212 Ala. 389, 102 So. 611; Winsett et al. v. Winsett, 203 Ala. 373, 83 So. 117.

For the errors noted the decree is reversed, and the cause is remanded, with leave to the complainants to amend the bill as they may be advised within 20 days.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.