173 So. 49

**JONES v. JONES.**

**5 Div. 237.**

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 18, 1937.

J. Osmond Middleton and Hill, Hill, Whiting & Rives, all of Montgomery, for appellant.

Lawrence F. Gerald, of Clanton, for appellee.

THOMAS, Justice.

The assignments of error challenge the action of the trial court in sustaining the demurrer to the bill as amended.

The pleading had for its purpose separate support and maintenance, sought by the wife.

The statutory rights of a wife, applicable in proceedings for divorce, were the subject of discussion in Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866. Here, the suit is for alimony only, under the facts averred in paragraphs 3 and 4 of the bill as amended.

It is conceded that the husband has the right to select a domicile for himself and family, if he reasonably exercises that right. Henderson v. Henderson, 228 Ala. 438, 153 So. 646; Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773.

There are general authorities to the effect that a wife may obtain an allowance for separate maintenance without divorce, if the facts justify a divorce. 30 C.J. page 1073, § 862. In Brady v. Brady, 144 Ala. 414, 39 So. 237, 239, it was held that in this state, in a suit where a divorce is not sought, the allowance of temporary alimony, or alimony pending the suit, may be granted; this being a matter, however, which rests in the sound discretion of the court. Ex parte State ex rel. Tissier, supra; Ex parte Williams, 223 Ala. 221, 135 So. 172. This allowance the court may make under its original jurisdiction. Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852; Spafford v. Spafford, supra; 30 C.J. page 1071; Ex parte Allan, 220 Ala. 482, 125 So. 612.

The instant pleading is sought to be distinguished from Whitman v. Whitman, 223 Ala. 557, 137 So. 666, wherein it was held that there must be an abandonment or separation before a bill for separate maintenance by the wife may be sustained. It was there declared: "We find no Alabama case where the wife was granted a separate support and allowance if living with her husband when the bill was filed. On the other hand, we find respectable decisions by other courts holding that a separation, at the time the bill is filed, is a condition precedent to relief unless there is a statute to the contrary." We have no statute to authorize a different rule.

644

The amended bill contains facts which are, in substance, as follows: That many years prior to the filing of the bill respondent ceased to live with the complainant as her husband; that since such time the complainant and the respondent "have not lived together as man and wife"; that complainant continues to reside under the same roof with the respondent, occupying a separate room or apartment from that of respondent; that complainant has not sufficient means to provide for her own support in a separate house, and respondent refuses to contribute to complainant's support, unless she continues to reside under the same roof with him; that complainant continues to so reside in the same house with respondent on account of her necessities and her inability to provide for her own separate support, but that complainant and respondent have not cohabited or lived together as man and wife since long before the bill was filed.

 The effect of these averments, when construed most strongly against the complainant, merely is that she is living in the house of the husband, where she is maintained and supported by the husband; that there has been no actual abandonment or separation of the parties, so far as concerns the domicile, and no failure of support of the wife in such sense as that equitable cognizance may be taken thereof, as prayed. The instant case is differentiated in fact, but not in principle, from the Whitman Case, supra.

We think it unnecessary to further discuss the cases. However, in Glover v. Glover, 16 Ala. 440, it will be noted that the husband had abandoned the wife without a just cause, many English authorities are cited, and the right of the complainant wife to maintain her bill in this state against the husband who resided in the state of Tennessee upheld; the Alabama court having acquired jurisdiction of the person of the husband.

Hinds et al. v. Hinds, pro ami., 80 Ala. 225, was likewise an adjudication of a case of abandonment of the wife by the husband.

In the case of Brindley v. Brindley, 121 Ala. 429, 25 So. 751, considered on last appeal, the wife had actually · abandoned the husband without any legal excuse; this case is not of controlling effect here.

In Ex parte Allan, 220 Ala. 482, 125 So. 612, 614, the husband had abandoned the wife in Canada and come to this state, where she pursued him with her bill for separate maintenance. It was there concluded as to this, that, "The abandonment of which complainant in the original suit—the suit for maintenance—complained took place in Canada, but defendant now resides in this state, to which complainant has come for relief, and we have no doubt that the court of chancery of this state had jurisdiction to render the decree awarding separate maintenance." 220 Ala. 482, 484, 125 So. 612, 614.

These cases are not of controlling effect here. A question of public policy is presented. We strictly conform to the rule as long construed and applied. See Atkinson v. Atkinson, ante, p. 125, 170 So. 198, touching upon the public policy of such a case.

This case is ruled by the decision in Whitman v. Whitman, 223 Ala. 557, 137 So. 666. This rule we are not willing to recede from or qualify.

The decree of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

THOMAS, Justice.

Upon an examination of the original opinion in Whitman v. Whitman, 223 Ala. 557, 137 So. 666, we find that the pertinent portion of the first paragraph of the original opinion reads: "The bill does not make out such a case when it shows that there has been no abandonment or separation and that the complainant and respondent were living together as man and wife when the bill or petition was filed." (Italics ours.) The word "an" before the word "abandonment," as printed in the report of the case, was clearly understood as "no," and was so treated.

In the case of Spafford v. Spafford, 199 Ala. 300, 74 So. 354, 355, L.R.A.1917D, 773, the statement of facts indicates the wife had moved out of the home the husband had selected and maintained for her. The words in the statement of facts, "unless she remove back into said home," are to like effect as those contained in the opinion in that case. (Italics supplied). The original record shows the actual removal by the wife from the home selected by the husband, and where he maintained her, to

that of her mother; that the husband would not go with her, but asserted his willingness to support her in his mother's home if she would move back. Thus the Spafford Case is differentiated from the instant case and that of Whitman v. Whitman, supra, in the averment of residence. These cases are alike only in the fact that they were for separate support and maintenance, and not for divorce.

We are not of the opinion that the instant decision is out of harmony with any declaration contained in the opinion of Mr. Justice Gardner in Spafford v. Spafford, supra. We hold that this decision is within the wholesome rule declared in Whitman v. Whitman, supra, as we have indicated in the original opinion.

The application for rehearing is therefore denied.

All the Justices concur, except BROWN, J., who dissents.

BROWN, Justice (dissenting).

After this case was decided on the authority of Whitman v. Whitman, 223 Ala. 557, 137 So. 666, it came to the notice of the writer that there was a typographical error in the opinion as printed in the report of the case. As printed, the first paragraph of the opinion, so far as pertinent, reads: "The bill does not make out such a case when it shows that there has been *an* abandonment or separation and that the complainant and respondent were living together as man and wife when the bill or petition was filed." The manuscript opinion reads: "The bill does not make out such a case when it shows that there has been *no* abandonment or separation and that the complainant and respondent are *living together as man and wife,* when the bill or petition was filed." (Italics supplied.)

The bill in the instant case, after alleging the marriage and the defendant's ability to support and maintain the complainant, avers "that many years prior to the filing of this bill of complaint the respondent ceased to live with the complainant as her husband, and that since such time the complainant and the respondent have not lived together as man and wife; that your complainant continues to reside under the same roof with the respondent, but that complainant and the respondent occupy separate rooms or apartments, and that in fact the respondent ignores and refuses to speak to the complainant, and has refused to speak to her since long prior to the filing of this bill of complaint, and continues so to do; that complainant has not sufficient means to provide for her own support in a separate house, and that respondent wilfully refuses to contribute in any amount to complainant's support unless she continues to reside under the same roof with him; that since long prior to the filing of this bill of complaint the conditions under which complainant has been residing were and continue intolerable; that complainant is habitually subjected by the respondent to indignities, humiliation and insult; that in the conduct of the household affairs the respondent habitually addresses the negro servant and gives orders to such servant in the presence of complainant, and without consulting with and without regard to complainant's wishes or rights; that respondent completely ignores the complainant in the operation and conduct of the household affairs; that complainant has continued to reside in the same house with the respondent *on account of her necessities and of her inability to provide for her own separate support,* but that complainant and respondent have not cohabited and have not lived together as man and wife since long prior to the filing of the bill of complaint in this cause, and while continuing to live in the same house have been virtually separated for many years; that in addition to the humiliation, insult and indignities to which the complainant has been subjected by the respondent, the respondent has on occasions prior to the filing of this bill of complaint threatened the complainant with violence to her person attended with danger to her life or health, and that from his conduct there is reasonable apprehension of such violence." (Italics supplied.)

If these averments are true, and they must be so considered on demurrer, they not only show a continuing wanton violation of the marital rights of the complainant by the respondent, but malicious cruel treatment, shocking to every sense of human decency, and notwithstanding this, the majority are content, on grounds of policy, to close the door of the court of equity, and deny to her any right to relief.

It is pertinent here to repeat the pronouncement of this court in Glover v. Glover, 16 Ala. 440, 444: "And if it be true that the law, as well as enlightened conscience, creates this obligation, and no court can enforce its performance or com-

pensate for its most cruel and flagitious violation, then indeed has one class of cases been found which falsifies the boasted maxim, 'that for every wrong there is a remedy, and for every injustice an adequate and salutary relief.'"

Likewise, the constitutional guaranty, "that all courts shall be open, and that every person, for any injury done him, in his lands, goods, *person,* or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay." Sec. 13, Const. 1901. (Italics supplied.)

The facts averred show that the complainant has no choice but to remain under the same roof with respondent, other than to take shelter in the streets and become a public charge. This the law does not require. On the facts averred, she is not only entitled to separate maintenance, but might obtain a divorce. Code 1923, § 7409, as amended by Gen.Acts 1933, Ex. Sess., p. 142; Smith ·v. Smith, 172 Iowa, 329, 151 N.W. 1085; 1 R.C.L. page 938, § 85; note to Fritts v. Fritts, 14 L.R.A. 685; note 6 A.L.R. 66.

I therefore respectfully dissent.