8 So.2d 813

**POLLAN v. CITY OF DOTHAN et al.**

4 Div. 242.

Supreme Court of Alabama.

May 14, 1942.

Rehearing Denied June 11, 1942.

T. E. Buntin and Speight & Tiller, all of Dothan, for appellees.

W. L. Lee, Alto V. Lee, III, and O. S. Lewis, all of Dothan, for appellant.

**BROWN, Justice.**

This is an action on the case by appellant against the City of Dothan, a municipal corporation, and its lessee Wadlington, for injury alleged to have been inflicted upon her person "at the Wiregrass Memorial Stadium in the City of Dothan, Alabama," by "a baseball which was in play by a baseball team using the said stadium."

The complaint consists of three counts, the court sustained the separate demurrers of the defendants to each of said counts; the plaintiff took a voluntary non-suit and appealed.

■ There is an absence of averments of negligence in either counts one or two or statement of fact showing a duty owing by either of the defendants to plaintiff and a breach thereof. The pleader in drawing these counts, apparently, proceeded on the idea that the defendant municipal corporation, because of the leasehold, were insurers of the safety of persons entering as invitees, and that they were therefore liable for plaintiff's personal injury, regardless of whether or not it was caused by negligence. That is not the law. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1916F, 797.

The statute, Code of 1940, Title 37, § 502, laying aside liability for property taken, injured or damaged, under § 235 of the Constitution, prescribes the scope and limit of the liability of municipal corporations. It provides: "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employe of the municipality *engaged in work therefor;* and while acting in the line of his duty, or unless the said injury or wrong was done or suffered through the neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways, *or buildings* after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council." [Italics supplied.]

■ On demurrer the averments of the complaint can not be aided by intendment, but will be construed most strongly against the pleader. City of Gadsden v. Jones, 227 Ala. 395, 150 So. 359.

There is also an absence of averments, in the third count, that the wire screen was a part of a public building or that the defendants or either of them was in possession using the stadium at the time of the injury, or that they or either of them had any connection with the baseball game being played at the time of plaintiff's injury, or that plaintiff was an invitee of either of said defendants. Non constat, the ball game was being played by trespassers or intruders, without the knowledge of either of the defendants.

■ Negligence of the person in possession and control of premises at the time of an injury, rather than ownership or the right to possession, is the foundation of liability for such injury resulting from such defects. 38 Am.Juris. 753, § 94. The lease attached as exhibit to count 2, and made a part of said count 3, was only a part time lease.

■ We are of opinion that the averments of said count 3 fail to show a breach of duty of either of the defendants to plaintiff.

The demurrers were therefore sustained without error, and the judgment is due to be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

On Rehearing.

PER CURIAM.

Opinion modified. Application for rehearing overruled.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.