50 So.2d 723

### DAVIS v. DAVIS.
### 4 Div. 610.

Supreme Court of Alabama.
Feb. 22, 1951.

G. D. Halstead, of Headland, for appellee.

SIMPSON, Justice.

Bill in equity for separate maintenance by wife. From a final decree granting relief, the husband has appealed.

The bill contains allegations showing reasonable apprehension on the part of appellee from his previous conduct that appellant would commit actual violence on her person, attended with danger to her life or health if she should continue to live with him, and that he had announced

Davis & Zeanah, of Tuscaloosa, for appellant.

his intention to no longer live with her; that he was possessed of real and personal property and sources of income sufficient to require him to contribute to her support and maintenance. This, within the rule of our authorities, made a case and the demurrer taking the point that the bill was without equity was not well taken. Wallis v. Wallis, 240 Ala. 439, 199 So. 844.

The court awarded appellee the monthly sum of $50 and, in addition thereto, a judgment in the amount of $1,250 for money she had given to her husband from her separate estate during their twenty years of coverture. These two phases of the decree are challenged on this appeal, as well as the ruling admitting evidence on behalf of appellee that the appellant's relatives had warned her of the danger attendant on her staying at appellant's home or of their continuing living together.

■ The only insistence meriting treatment is the rendition of the money decree against the appellee for the $1,250. Quite clearly the mentioned evidence of warnings from her husband's relatives was admissible as bearing upon the cause of the wife's departure from her husband's home, tended to explain the apprehension she might feel should she remain, and was of the res gestae of her leaving. Also do we regard the monthly allowance of $50 to be reasonable and just from the evidence and circumstances disclosed by the record. These rulings will therefore stand.

As observed, the only real question is the propriety of the $1,250 money decree rendered against the appellant. Without dealing with the jurisdiction vel non of the court in such a proceeding to render such a decree, see 42 C.J.S., Husband and Wife, p. 263, § 625f, we are convinced from a study of the record that that phase of the decree was not well founded from the evidence. The trial court made the award on the theory that due to the confidential relationship which existed between the parties, the defendant being the dominant party, and the wife being in dependent, confidential relationship with him, undue influence would be presumed and he should be required to refund the gifts in the absence of direct countervailing testimony by him to override this presumption.

■ The principle is conceded, as is the rule that gifts by the wife to the husband will be scrutinized with close suspicion, and the court on the appearance of the slightest circumstance of suspicion should require of the husband satisfactory proof that the transaction resulted from the purely voluntary and well-understood act of the wife. Hill v. Hill, 217 Ala. 235, 115 So. 258; Ray v. Ray, 238 Ala. 269, 189 So. 895.

But the record to our minds sufficiently establishes that these gifts to the husband were not coerced or of that undue influence to come within the purview of the aforestated principles. Mrs. Davis makes no such contention in her own testimony. The couple had been married twenty years at the time of the hearing and during these twenty years she had received from her father's estate $1,250, which she stated she had at odd times (just when is not shown and this was her burden) given to her husband, one time to pay some bills, another time to help purchase an automobile (about ten years previous to the hearing), and another time to purchase a mule for use on the farm on which they were living. These were voluntary gifts, pure and simple, and there is not the slightest contention made by Mrs. Davis herself that they were otherwise. It would be a dangerous precedent, in our view, to extend the principles of the foregoing cases to the circumstances here disclosed and require reimbursement by the husband on the presumed undue influence on his wife.

■ The law is well settled that where husband and wife live together and enjoy common support of their joint property and the husband receives income and profits from the wife's separate estate with her knowledge and without objection on her part, the presumption is that such monies were intended as a gift and for which the husband is not liable. Andrews v. Huckabee's Adm'r, 30 Ala. 143, 152.

The wife, of course, may by her express dissent or by the husband's express agreement render the husband liable for use of her separate estate; but if she does not

dissent or require an express promise from him to account, the presumption of gift must prevail. Ladd v. Smith, 107 Ala. 506, 18 So. 195; Newlin v. McAfee, 64 Ala. 357; Manfredo v. Manfredo, 191 Ala. 322, 329, 68 So. 157.

 We think the circumstances disclosed by the record are controlled by the latter cited authorities. The testimony of Mrs. Davis in effect rebuts any presumption of undue influence of her husband to induce the gifts and make them come under that category of gifts which customarily pass from wife to husband in the course of a long coverture to assist the husband in caring for the needs of the household, gifts which are purely voluntary and well-understood. Indeed, Mrs. Davis made no different contention in her own testimony and to construe the record otherwise would, it seems to us, give it a construction which apparently she herself did not contend for.

On the basis of these considerations, the conclusion is that the decree will be sustained in all respects except that phase awarding complainant the $1,250, which must be vacated and annulled.

Modified and affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.