66 So.2d 450

### BREWER v. BREWER.

8 Div. 713.

Supreme Court of Alabama.

June 18, 1953.

W. Loy Campbell, Scottsboro, for appellant.

W. M. Beck, Fort Payne, for appellee.

LAWSON, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity.

The bill was filed by the wife against the husband for separate maintenance.

■ The rule seems to be well settled that a bill for separate maintenance which does not show the parties living separate and apart at the time the bill was filed is subject to demurrer. Whitman v. Whitman, 223 Ala. 557, 137 So. 666; Jones v. Jones, 233 Ala. 642, 173 So. 49. No such question was considered in Davis v. Davis,

255 Ala. 215, 50 So.2d 723, and the language used in that case relative to the sufficiency of the averments of the bill was not intended to reflect upon the principle of the Whitman and Jones cases referred to above.

■■ Complainant does not aver that at the time the bill was filed she and the respondent were then living separate and apart. Complainant does allege as follows: "Complainant avers that as a result of the marriage, one child was born, to-wit, James William Brewer, a boy, age 5 years who is now in the custody of the complainant." It might be said that the foregoing is sufficient to support an inference that complainant and respondent were living separate and apart at the time the bill was filed. But on demurrer to a bill for separate maintenance averments must be construed most strongly against complainant. Jones v. Jones, 233 Ala. 642, 173 So. 49. It is well established that the averments of the bill as against specific grounds of demurrer must be construed most strongly against the pleader. Jones v. Jones, 230. Ala. 465, 162 So. 113. Inferences will not be drawn to support a complaint as against a demurrer. Ellison v. Alabama Marble Co., 223 Ala. 371, 136 So. 787. On demurrer, averments of the complaint cannot be aided by intendment, but will be construed most strongly against the pleader. Pollan v. City of Dothan, 243 Ala. 99, 8 So.2d 813. In view of the applicable rules, we are unable to say that the part of the bill which we quoted above sufficiently alleges that the parties were living separate and apart at the time the bill was filed.

■ A demurrer is one item of pleading and as such must be either sustained or overruled in its entirety, except as it may be addressed to different aspects. It should be sustained if it is supported by one or more grounds well taken. If it is overruled, none of the grounds are considered good by the trial court. O'Bannon v. O'Bannon, 257 Ala. 246, 58 So.2d 779.

There were six grounds of the demurrer interposed by the respondent below, two of which specifically took the point that the averments of the bill failed to show that the complainant and respondent were living separate and apart at the time the bill was filed. These grounds of demurrer were well taken and the demurrer should have been sustained. Whitman v. Whitman, supra; Jones v. Jones, 233 Ala. 642, 173 So. 49.

■■ Counsel for appellee in brief filed here, while not conceding that the demurrer was well taken, does not argue to the contrary. In appellee's brief the only matter treated is that the assignments of error are too general to be considered. The assignments of error read: "1. The court erred in overruling the Respondent's demurrer to the original bill of complaint. 2. The court erred in entering a decree overruling the demurrer filed by the respondent to the original bill of complaint." The view of counsel for appellee seems to be that each of these assignments must be treated as a joint assignment of the several grounds of demurrer, not to be sustained unless each ground of the demurrer assigned is good. Under the recent decisions of this court the assignments of error are sufficient. It is not necessary to make a separate assignment of error as to each ground of demurrer relied upon. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Copeland v. Swiss Cleaners, Inc., 255 Ala. 519, 52 So.2d 223. See Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42; Jackson v. Ariton Banking Co., 214 Ala. 483, 108 So. 359, 45 A.L.R. 1026. We point out, however, that we treat only those grounds of demurrer argued in brief. Vinson v. Vinson, supra.

For the error in overruling the demurrer, the decree of the trial court is reversed and one will be rendered here sustaining the demurrer.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.