141 So.2d 191

**H. Theo BRELAND**

v.

**Jean BRELAND.**

4 Div. 99.

Supreme Court of Alabama.

May 10, 1962.

John C. Walters, Troy, for appellant.

John W. Gibson, Troy, for appellee.

SIMPSON, Justice.

The parties are husband and wife. Appellant, the husband, filed a bill for divorce against the appellee, his wife, and she countered with a cross-bill alleging certain misconduct of appellant, asking for support and maintenance for herself and minor children. The cross-appellant demurred to the cross-bill on various grounds; the court overruled the demurrer and he brings this appeal (prior to the passage of Act No. 72, Special Session 1961, Legislature).

The parties seem to have treated the cross-bill as one for divorce, but this is in error. The cross-bill does not pray for divorce, but merely prays for "the support and maintenance of herself and the minor children" and a "reasonable amount * * * for attorney's fee".

Laying aside the question of the sufficiency of the allegations of the cross-bill as grounds for divorce, we will treat the cross-bill as one for separate maintenance and custody of the children. The alleged misconduct of appellant is in substance that on a named day in 1960, and many times prior thereto, he did assault, beat, hit, and strike appellee with such force that she was knocked down; that he committed actual violence on her person attended with danger to her life or health by hitting her with his fists and open hand; and in a frenzied rage threatened to beat her; and because of his actions she became apprehensive of her physical welfare and as a consequence of such alleged misconduct she was forced to leave home. Quite clearly, the cross-bill is sufficient as one for separate maintenance.

The bill also charged that appellant failed, or refused, to support appellee and the children and that the welfare of the children would be best served by giving her custody. This allegation was also necessary. Jones v. Jones, 233 Ala. 642, 173 So. 49.

Viewing the cross-bill as one for separate maintenance, counsel fees, and custody of the children, it is governed by such cases as Love v. Love, 239 Ala. 166, 194 So. 555, where the court said:

> "While the bill of complaint in this case could have well been broader and more specific, yet it has been repeatedly held that bills of this character need not be as full or show such fault on the part of the husband as would support a bill for divorce."

See also Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749; Taylor v. Taylor, 251 Ala. 374,

37 So.2d 645; Ala.Dig., Husband & Wife ⊜296.

The bill was not subject to demurrer as one for separate maintenance, so we find no error in the decree below.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.